**MERCHANDISE MART, INC., Petitioner,**

v.

**Herman MARCUS, Respondent.**

**No. B–4783.**

Supreme Court of Texas.

Nov. 6, 1974.

Rehearing Denied Dec. 4, 1974.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Arlen D. Bynum, Dallas, for petitioner.

Emil Corenbleth, Lawrence Fischman, Dallas, for respondent.

PER CURIAM.

This "Motion to Clarify Judgment" arises out of a suit for breach of lease. Merchandise Mart, Inc., the lessor and plaintiff, suffered a take nothing judgment at trial. On appeal the court of civil appeals reversed and rendered judgment for Merchandise Mart, 483 S.W.2d 893, and this court refused application for writ of error, no reversible error. However, Merchandise Mart has been unable to execute its judgment since neither the judgment nor the opinion of the court of civil appeals states the amount of damages to which Merchandise Mart is entitled.

The court of civil appeals has held that "the Supreme Court relieved the Court of Civil Appeals of all jurisdiction by refusing the application for writ of error" and so dismissed Merchandise Mart's Motion to Amend Mandate for want of jurisdiction. 501 S.W.2d 712. The district court has also determined that it is without jurisdiction to give any relief. Merchandise Mart is now here asking this court to modify the judgment by stating the amount of damages alleged to be liquidated and uncontroverted.

We conclude that we are unable to grant such relief. It was clearly held in City of Dallas v. Dixon, 365 S.W.2d 919 (Tex.1963), reversed on other grounds, 377

U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409, that when this court refuses writ of error, the judgment below does not become that of this court and this court may not issue writs to enforce the judgment. Until this court grants writ of error, the judgment of the court of civil appeals remains the operative judgment and that court has a duty to protect and enforce its judgment. City of Dallas v. Dixon, supra.

The judgment entered by the court of civil appeals in this case determines the issue of liability but not the amount of recovery. Since the judgment does not dispose of all necessary issues, it is an interlocutory judgment and the cause is still pending before the court of civil appeals. *See* 33 Tex.Jur.2d, Judgments, Secs. 4, 85 (1962) and cases cited therein; Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S.W. 39 (1900); Brannon v. Wilson, 260 S.W. 201 (Tex.Civ.App.—Amarillo 1924, no writ).

The Motion to Clarify Judgment is therefore dismissed for want of jurisdiction; the court of civil appeals should proceed to final judgment.