Neill B. LONGLEY, Appellant,

v.

Matthew W. PLUMMER, Sr., Appellee.

No. 7942.

Court of Civil Appeals of Texas.

April 14, 1977.

Rehearing Denied April 28, 1977.

Michol O'Connor, Houston, for appellant.

Matthew W. Plummer, Houston, for appellee.

KEITH, Justice.

Appellant's able counsel, true to the traditions of a loyal advocate, takes us to task in the motion for rehearing. The first challenge to our opinion is expressed in this manner:

"On page three of the Court's opinion it states 'The appeal is taken from the third judgment . . . .' This is not correct. The appeal was from the second judgment . . . ."[1]

Since appellant's position has now been stated and restated in such manner that it cannot be misconstrued, we withdraw our former opinion filed on March 24, 1977, and now enter judgment dismissing the appeal for want of jurisdiction.

Appellee, a lawyer, injured his arm upon a Sunday morning. He met his physician at a hospital where x-rays were taken and his physician advised that there were no broken bones, whereupon appellee left the hospital with his arm in a sling. Appellant, a physician specializing in radiology, is a member of the staff of the hospital and it was shown by our record that under accreditation standards, he was required to read and interpret all x-rays taken in the hospital.

On the Monday following appellee's appearance at the hospital, appellant "read" the x-ray of appellee's arm and found no broken bones. Then, as was his custom, he sent appellee a bill for six dollars. Several additional bills were sent to appellee before he instituted suit in the justice of the peace court in the nature of a declaratory judgment proceeding to determine that he did not owe appellant the $6.

Appellant appeared by counsel and filed a cross-action upon a sworn account seeking a recovery of the $6 indebtedness and reasonable attorney's fees in the amount of $194. When appellee did not deny the justness of the account under oath under *Tex.R.Civ.P. 185*, the justice of the peace rendered judgment favoring the physician for the amount of his debt and the attorney's fees sought— precisely $200, the maximum jurisdiction of the court. *Tex.Rev.Civ.Stat.Ann. art. 2385 (1971)*. Appellee duly appealed the judgment to the County Court at Law of Harris County.

Thereupon, appellant filed an amended petition wherein he still sought to recover his debt of $6, but increased his demand for attorney's fees to $2,000, thereby seeking a total recovery of $2,006. The jury awarded appellant exactly the amounts he sought

---

1. As will be noted later, this has reference to an order dated July 9, 1976, which set aside an earlier judgment. Although the instrument dated July 9 is not a judgment, we will, in deference to the nomenclature used by appellant, speak of it as the second "judgment".

and on June 25, 1976, the trial court entered judgment for that sum against the appellee. [hereinafter "first judgment"]

Thereafter, on July 9, 1976, apparently upon the Court's own motion, this judgment was "set aside and held for naught" because, as recited in the order: (1) the amended cross-action filed by appellant prayed for an amount in excess of the amount sued for in the justice court and "therefore this Court did not acquire jurisdiction"; and (2) the cause, as filed in the justice court by appellee, was brought under the Declaratory Judgments Act "which applies to Courts of record only." No disposition was made of the case. [hereinafter second "judgment"]

Still another judgment was entered on August 6, 1976, again apparently upon the Court's own motion, which made the same recitals as found in the second judgment, but which ordered the first judgment set aside and held for naught and "that Plaintiff's cause of action and Cross Plaintiff's Cross Claim as amended are hereby dismissed for lack of jurisdiction." [hereinafter "third judgment"]

As stated in the motion for rehearing, the appeal is from the second "judgment", the decretal portion of which reads:

"It is therefore, ORDERED, ADJUDGED and DECREED that the judgment of June 25, 1976 [awarding Dr. Longley $2006 in accordance with the verdict] be set aside and held for naught."

Under the provisions of *Tex.R.Civ.P. 329b, Subdiv. 5*, the trial court retained jurisdiction of the cause for thirty days; and, during that time it could set aside its judgment on its own motion or that of either party. Until such judgment became final under the cited rule, the court had plenary power to set aside its judgment. *Sawyer v. Donley County Hospital District*, 513 S.W.2d 106, 109 (Tex.Civ.App.—Amaril-

lo 1974, no writ), and authorities therein cited. See also, *Dubert v. Adkins*, 475 S.W.2d 383, 385 (Tex.Civ.App.—Corpus Christi 1971, no writ).[2]

The trial court, exercising this plenary power, vacated its first judgment and declared that it was of no force and effect. Its action in the premises was within its power. However, this second "judgment" from which appellant has attempted to appeal made no disposition of the cause or of the parties.

In *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 892 (1956), Chief Justice Hickman, speaking for the court, used these words to define the elusive term:

"To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy."

See also, *4 McDonald, Texas Civil Practice, § 17.03.2—(I), p. 38 (1971 Rev.Vol.)*, and cases therein cited.

Speaking to the subject of finality of judgments, our Supreme Court said in *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966):

"We have steadfastly adhered through the years to the rule, with certain exceptions not applicable here, that an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case."

The Court was considering a judgment of a court of civil appeals in *Merchandise Mart, Inc. v. Marcus*, 515 S.W.2d 663, 664 (Tex.1974), when it held:

"Since the judgment does not dispose of all necessary issues, it is an interlocutory judgment and the cause is still pending before the court of civil appeals."

The Supreme Court in *Marcus*, supra, cited *33 Tex.Jur.2d, Judgments, Secs. 4, 85*

---

**2.** *Dubert v. Adkins*, supra, is cited in the law review article by Reavley and Orr, "Trial Court's Power to Amend Its Judgments", *25 Baylor L. Rev. 191, 205, fn. 88 (1973)*, along with several other cases supporting the propo-

sition that during this 30-day period the trial court possesses "plenary power to open, modify, or vacate its judgment to correct any error that may have been made."

*(1962)*. The applicable language in *Section 4* is this:

"Any judgment or decree that leaves for the court some further action in disposing of the parties and their rights is interlocutory, and a judgment or decree may be interlocutory because it only partially or incompletely disposes of the parties or issues, . . ."

*Section 85* of the text cited refers to many cases standing for this statement in the text:

"A final judgment is one that determines the rights of all the parties to the suit, and disposes of all the issues involved on their merits."

Since the second "judgment" from which appellant insists this appeal is taken did not dispose of the entire cause, it is interlocutory and not appealable. *Stalco, Inc. v. Zero Refrigerated Lines, Inc.*, 390 S.W.2d 476, 477 (Tex.Civ.App.—San Antonio 1965, writ ref'd).

Although no party to this appeal has challenged our jurisdiction, it is our duty to do so sua sponte under the circumstances presented by this record. *Able v. Bloomfield*, 6 Tex. 263, 264 (1851). In *City of Beaumont v. West*, 484 S.W.2d 789, 791 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.), we had occasion to discuss the jurisdictional concept in another context, saying:

"Jurisdiction of a court is conferred only by the constitution and the statutes and a court without jurisdiction cannot render a valid judgment. *Nevitt v. Wilson*, 116 Tex. 29, 285 S.W. 1079, 1084, 48 A.L.R. 355 (1926); *Daniel v. Dallas Independent School District*, 351 S.W.2d 356, 359 (Tex.Civ.App., El Paso, 1961, error ref. n. r. e.). If at any time during its progress it becomes apparent that the court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss it. *Snyder v. Wiley & Porter*, 59 Tex. 448, 449 (1883); *Galley v. Hedrick*, 127 S.W.2d 978, 981 (Tex.Civ.App., Amarillo, 1939, no writ)."

It is clear, therefore, that appellant has not perfected an appeal from a final judgment· and, it is equally clear that we have no jurisdiction to consider the appeal from the second "judgment". As was stated in *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957):

"We cannot blindly affirm an erroneous judgment . . . or a decree entered by a trial or. intermediate appellate court which had no jurisdiction of the subject matter, merely because the litigants have not seen fit to assign the error."

All appellate courts are reluctant to deny a litigant his day in court; but, under the applicable rules and the long line of cases herein discussed, we have no alternative but to dismiss the cause. Since we are without authority to consider the appeal upon the merits, we neither reach nor decide the questions raised in appellant's original brief or in the motion for rehearing filed in this cause. Our only authority is to dismiss the appeal for want of jurisdiction. *Allen v. United Supermarkets, Inc.*, 467 S.W.2d 616, 621 (Tex.Civ.App.—Amarillo 1971, no writ).

Accordingly, the appeal is dismissed.