**STOUT–JENNINGS–SCHMIDT COMPANY, Appellant,**

v.

**William O. SCHMIDT et al., Appellees.**

**No. 20732.**

Court of Civil Appeals of Texas, Dallas.

March 16, 1981.

Rehearing Denied May 1, 1981.

Alfred L. Ruebel, II, Erhard, Cox & Ruebel, James Albert Jennings, Creel & Atwood, Dallas, for appellant.

C. Thomas Wesner, Jr., Wesner, Coke & Boyd, Dallas, for appellees.

Before CARVER, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

The plaintiff appeals from an order of the trial court rendered September 12, 1980, setting aside and holding void its default judgment entered July 18, 1980; contending that the default judgment of July 18 was a final judgment over which the trial court had lost its jurisdiction, and thus the trial court had no jurisdiction to enter its order of September 12. We hold that the default judgment of July 18 was interlocutory, and thus the court had power to set it aside by the order of September 12. We also hold that whether or not the order of July 18 was final, the order of September 12 was not final because it did not dispose

of the issues; consequently we dismiss for want of jurisdiction.

Plaintiff urges one point of error on this appeal; that the trial court lacked jurisdiction to enter its order of September 12. We disagree. On May 20, 1980, plaintiff sued multiple parties, some individual and some corporate, some of whom were domiciliaries of Texas, and some domiciliaries of other states, alleging numerous acts of wrongdoing, alleging joint and several liability, and seeking various forms of relief. A recitation of all allegations and relief sought is not necessary to this decision. Certain defendants were personally served with citation, and others were served under the long-arm statute through the Secretary of State. Prior to the entry of the default judgment on July 18, plaintiff took a nonsuit as to many of the defendants. On July 18, 1980, the trial court entered a default judgment against four corporate defendants and one individual defendant, jointly and severally, for the sum of $747,632.98, together with interest and court costs, and for an accounting from three of the corporate defendants. On July 28, 1980, three of the corporate defendants filed a special appearance under Tex.R.Civ.P. 120a for the purpose of objecting to the jurisdiction of the court as to their person and property, and subject thereto, a motion to set aside judgment, motion for new trial, and original answer. These motions were filed within the time specified by Tex.R.Civ.P. 329b(1), as then in effect. On August 18, 1980, these same three corporate defendants filed amended motions. August 17, 1980, fell on Sunday, and thus under rule 4 of Texas Rules of Civil Procedure, the filing of the amended motion on August 18, 1980, was within the time prescribed by rule 329b(2). On September 8, 1980, a corporation not named in the suit, but apparently a successor corporation to a named corporate defendant, filed a special appearance under rule 120a, objecting to the court's jurisdiction over the other named corporate defendant, who had not yet answered, and subject thereto, a motion to quash, to set aside judgment, and for a new trial. The individual defendant has yet to make an appearance in the case. On September 12, 1980, the trial court entered its order, "that the judgment entered on July 18, 1980, is in all things set aside and void for all purposes."

Plaintiff contends that the July 18th default judgment was a final judgment, and thus on September 12, the trial court had lost its power to set it aside. We disagree. Under the express provisions of rule 329b, the trial court retained jurisdiction of the July 18 judgment until the amended motions, filed August 18, 1980, were overruled by written order or by operation of law at the expiration of 45 days from August 18, 1980. *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799 (Tex.1978). Tex.R.Civ.P. 329b(3), (4). Thus, no written order overruling these motions having been entered, and 45 days not having lapsed since the filing of the motions, the trial court's order of September 12 fell well within this time period.

Plaintiff also contends that the July 18 default judgment is final as to the individual defendant who has not yet answered and the corporate defendant who filed motions on September 8, 1980. We disagree. There can be only one final judgment in this case. Tex.R.Civ.P. 301. Thus, the default judgment of July 18, after three corporate defendants filed motions under rule 329b to set it aside, was interlocutory as to the defaulting individual defendant, and the corporate defendant who was late in filing its motion under rule 329b. The default judgment of July 18 cannot be made final as against the two defaulting defendants, while the cause is still pending as to the other three defendants. *Ratcliff v. Sherman*, 592 S.W.2d 81 (Tex.Civ.App.—Tyler 1979, no writ), citing *Buttrill v. Occidental Life Ins. Co.*, 45 S.W.2d 636 (Tex.Civ. App.—Dallas 1932, no writ). The trial court retained the power to set aside the default judgment on grounds specified in the motions filed, or for that matter on its own motion for its own reasons, so long as it did so within the time frame of rule 329b.

Plaintiff seems to complain that the order of September 12 was entered by reason of erroneous application of legal principles and for that reason this court should accept jurisdiction. This argument is without merit. This court's jurisdiction is controlled by Tex.Const. Art. 5 § 6 and Tex.Rev.Civ. Stat.Ann. art. 1819 (Vernon 1964). It may review only final judgments, excepting well known statutory deviations from this rule which are not applicable here. The order of September 12 is a discretionary act of the trial court to set aside an interlocutory default judgment, thus, leaving no final judgment for review.

While the trial court has jurisdiction to set aside an interlocutory judgment, its disposition of the judgment is discretionary and cannot be appealed. The judge may change his mind about the judgment, amend it, set it aside, or refuse to do anything. This discretionary authority may be exercised by the judge at any time prior to final judgment. *Hill v. Robinson*, 592 S.W.2d 376 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Prince v. Peurifoy*, 396 S.W.2d 913 (Tex.Civ.App.—Dallas 1965, no writ).

Although we have addressed appellant's contentions with respect to the finality of the trial court's default judgment of July 18, whether it be interlocutory or final is not the controlling issue. This appeal is from the court order of September 12 which does not purport to dispose of the parties or the subject matter of the suit and thus is not a final judgment. The effect of the September 12 order is to grant a new trial. *Stinnette v. Mauldin*, 251 S.W.2d 186, 220 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.); *Saunders v. Hornsby*, 173 S.W.2d 795 (Tex.Civ.App.—Amarillo 1943, writ ref'd w.o.m.). Irrespective of the final or interlocutory character of the July 18 judgment, the September 12 order is nonappealable.

Dismissed for want of jurisdiction.