**AMCOLE ENERGY CORP. and Hawk, Inc., Appellants,**

v.

**CHAPMAN, INC., Appellee.**

**No. 05–83–01286–CV.**

Court of Appeals of Texas, Dallas.

Jan. 16, 1984.

Russell W. Porritt, II, S.C. Cocanower, Fort Worth, for appellants.

Ronald H. Clark, Sherman, for appellee.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

PER CURIAM.

Appellee Chapman, Inc. has filed a motion to dismiss on the ground that the bond and the transcript were not timely filed. We do not agree and, therefore, we deny the motion to dismiss.

The record shows the following sequence:

July 19. Trial court signs default judgment against all four defendants.

July 26. Court grants motion for new trial filed by defendant Adams.

August 19. Appellants file motion for new trial.

September 26. Plaintiff files motion for nonsuit against defendant Adams, and court dismisses Adams from suit.

October 26. Appellants file appeal bond.

October 31. Transcript filed.

Appellee contends that appellants' motion for new trial did not extend the time for appeal from the judgment of July 19 because it was filed more than thirty days after the judgment was signed. We do not reach this question because, although the default judgment was final when originally signed, it became interlocutory when defendant Adams was granted a new trial. *See* *Stout-Jennings-Schmidt* *Co.* *v.* *Schmidt*, 615 S.W.2d 267 (Tex.Civ.App.— Dallas 1981, writ dism'd). Being interlocutory as to one defendant, it was interlocutory as to all because under rule 301 of the Texas Rules of Civil Procedure there can be but one final judgment. When Adams was dismissed, the judgment against appellants became final, and the time for appeal began to run again from the latter date. *H.B.* *Zachry* *Co.* *v.* *Thibodeaux*, 364 S.W.2d 192 (Tex.1963); *Runnymede Corp. v. Metroplex Plaza, Inc.*, 543 S.W.2d 4 (Tex.Civ.App.—Dallas 1976, writ ref'd). Since the bond was filed on the thirtieth day after the order dismissing Adams, it was timely, and the transcript was also timely filed in this court.

This result follows also from rule 329b(h) of the Texas Rules of Civil Procedure, which provides that when a judgment is modified, corrected, or reformed in any respect, the time for appeal runs from the time the modified, corrected, or reformed judgment is signed. The order dismissing Adams had the effect of modifying the original judgment. Consequently, the time for appeal ran from that date.