**P.V. INTERNATIONAL
CORPORATION, et al.,
Appellants,**

v.

**TURNER, MASON, AND SOLOMON,
et al., Appellees.**

**No. 05–85–00580–CV.**

Court of Appeals of Texas,
Dallas.

Nov. 1, 1985.

Rehearing Denied Dec. 3, 1985.

G.H. Kelsoe, Jr., Jeffrey L. Clark, Kelsoe & Kelsoe, Dallas, for appellants.

Gordon H. Rowe, Jr., Gardere & Wynne, Whitley R. Sessions, Sessions & Sessions, Dallas, for appellees.

Before GUITTARD, C.J., and DEVANY and McCLUNG, JJ.

GUITTARD, Chief Justice.

On our own motion we have inquired of counsel whether there is a final and appealable judgment in this cause. For the reasons stated, we conclude that there is not a final and appealable judgment.

The relevant orders signed by the trial judge are as follows:

December 31, 1984: Take-nothing judgment for defendants Turner, Mason, and Solomon and Malcolm Turner notwithstanding the verdict.

January 28, 1985: Motion for new trial filed by plaintiffs P.V. International Corporation and R.W. Forsythe.

April 15, 1985: (1) Order setting aside December 31, 1984 judgment.
(2) "Final judgment" on the verdict in favor of plaintiffs

April 29, 1985: (1) Order setting aside "final judgment" of April 15, 1985.
(2) Order vacating the April 15, 1985 order (which set aside December 31, 1984 judgment).

The first April 15 order, which set aside the December 31 judgment, states:

BE IT THEREFORE ORDERED, ADJUDGED and DECREED that this Court acting within its plenary power period does hereby *set aside* the Judgment NOV entered in this cause on December 31, 1984, *in all respects* and said Judgment NOV *is of no further force and effect.* [Emphasis added].

Likewise, the first April 29 order, which set aside the "final judgment" of April 15, states:

The Final Judgment in this cause, signed April 15, 1985 ... be *in all things set aside and withdrawn and declared for naught, to the same effect and tenor as if same had never been signed or entered* in the above styled cause. [Emphasis added].

The second April 29 order, which vacated the April 15 order (which set aside the December 31 judgment), provides:

The Order Granting Motion to Set Aside Judgment Non-Obstante Veredicto signed April 15 ... be *in all things set aside and withdrawn and declared for naught, to the same effect and tenor as if same had never been signed or entered* in the above styled cause. [Emphasis added].

The position of both parties is that the action of the trial court in vacating the order that set aside the December judgment somehow reinstated the December judgment. We do not agree.

■ ■ Generally speaking, if a judgment is set aside, the cause stands as if there has been no final judgment. *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957); *Sawyer v. Donley County Hospital District*, 513 S.W.2d 106, 109 (Tex.Civ.App.—Amarillo 1974, no writ). The effect of setting aside a judgment is to place the parties in the position they occupied before the rendition of judgment. *Stinnette v. Mauldin*, 251 S.W.2d 186, 220 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.). When a judgment has been set aside, neither that judgment nor any other former judgment in the case ever again becomes the judgment of the court unless the trial court expressly reinstates it and, in effect, renders a new judgment on the later date. *See Consolidated Underwriters v. McCauley*, 320 S.W.2d 60, 63 (Tex. Civ.App.—Beaumont, writ ref'd n.r.e.), *cert. denied*, 361 U.S. 14, 80 S.Ct. 109, 4 L.Ed.2d 52 (1959) (where the trial court, in addition to vacating the prior judgment, stated: "It is further ordered by the Court that final judgment entered in this cause on December 5, 1955, be, and the same is hereby in all things held to be valid, subsisting and unsatisfied."). The trial court may enter a new judgment disposing of all the issues and the parties. However, an order that merely vacates the former judgment without disposing of the merits of the controversy between the parties is not a

final judgment from which appeal will lie. *Hubbard v. Tallal,* 127 Tex. 242, 92 S.W.2d 1022, 1023 (Tex.Comm'n App.1936, opinion adopted); *Stout-Jennings-Schmidt Co. v. Schmidt,* 615 S.W.2d 267, 269 (Tex.Civ. App.—Dallas 1981, writ dism'd); *Longley v. Plummer,* 551 S.W.2d 87, 88 (Tex.Civ. App.—Beaumont 1977, writ dism'd). Likewise, an order vacating an order setting aside a former judgment without rendering a new judgment is not an appealable order that starts the appellate timetable running.

In the present case, the first order of April 15 was effective to set aside the December 31 judgment notwithstanding the verdict because that order was signed within the period of the court's plenary power under rule 329b(e).[1] The court then had power under rule 329b(d) to render, as it did, a final judgment on the verdict.

On April 29 the court also had power to set aside the judgment of April 15, as it did by the first order of that date. It also had power to render a new judgment on that date, but did not do so. Instead, the second order of April 29 merely attempts to vacate the first order of April 15 setting aside the December judgment notwithstanding the verdict "to the same effect and tenor as if the same [the first April 15 order] had never been signed or entered." We cannot agree that this second order of April 29 can be given effect according to its terms because if that were done, the December 31 judgment would be final and binding, and the time for appeal would be calculated from that date. Such a result would deprive plaintiffs of their right to appeal because the ninety-day period for perfecting the appeal expired on March 31 and rule 5 forbids extension of that time. Nor can the second April 29 order be given the effect of a new judgment on that date because it does not by its terms dispose of any of the parties or issues in the case. Neither does it purport to reinstate the December judgment. Consequently, we hold that the second April 29 order is not a final judgment from which an appeal lies. It is ineffective for any

purpose. Since both the December judgment notwithstanding the verdict and the April 15 judgment on the verdict have been set aside, the cause remains without disposition on the docket of the trial court, and we have no jurisdiction of this appeal.

We recognize that the time for appeal cannot be extended by setting aside the original judgment and rendering the same judgment again when the only effect of the later order would be to extend the time for appeal. *Anderson v. Casebolt,* 493 S.W.2d 509, 510 (Tex.1973). That rule, however, cannot apply here because on April 15 the court not only set aside the December judgment but rendered a different judgment, which, in turn, was set aside on April 29. Consequently, on September 24, 1985, in accordance with rules 377a(h) and 428, we directed appellants to file a supplemental transcript containing a judgment expressly disposing of all parties and issues in the case. We required the supplemental transcript containing a final judgment to be filed by October 24, 1985, for the appeal to proceed, with the appellate timetable running from the date of the new judgment. No supplemental transcript was filed. Accordingly, this appeal is dismissed for want of jurisdiction.

---

1. All references are to the Texas Rules of Civil Procedure.