IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-009-CV





AMERICAN TRANSIT CORPORATION,



 APPELLANT


vs.





KIMBERLIE HARRIS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 482,339-A, HONORABLE F. SCOTT MCCOWN, JUDGE



 





PER CURIAM



 Appellant American Transit Corporation seeks review by petition for writ of error
from a judgment of the district court of Travis County in favor of appellee Kimberlie Harris. 
Harris has filed a motion to affirm district court judgment and for judgment on cost and
supersedeas bond. We will overrule the motion and dismiss the appeal for want of prosecution.

 Harris filed suit against American Transit and Capital Metropolitan Transit
Authority ("Capital Metro"). On June 7, 1990, the district court rendered a default judgment
against both defendants and in favor of Harris. Capital Metro filed a motion for new trial, which
the trial court granted in July 1990. On December 11, 1990, the trial court issued its order
severing Harris's claim against American Transit from that against Capital Metro. On June 26,
1991, the trial court issued a final judgment against American Transit in the severed cause. (1)

 American Transit timely filed its petition for writ of error and supersedeas and cost
bond with the district clerk of Travis County on October 4, 1991. See Tex. R. App. P. Ann. 45
(Pamph. 1991). In response to Harris's motion to affirm the judgment, American Transit
contends that the record shows "fundamental error." See generally DSC Finance Corp. v. Moffitt,
815 S.W.2d 551 (Tex. 1991). Because we do not address any question of error, we decline to
affirm the judgment of the trial court and overrule Harris's motion.

 This Court may, however, dismiss an appeal for failure to file the record within
the designated time. Tex. R. App. P. Ann. 54(a) (Pamph. 1991). The record was due to be filed
in this cause on December 3, 1991. Rule 54(a). A motion for extension of time was due fifteen
days later, that is, on or before December 18, 1991. Tex. R. App. P. Ann. 54(c) (Pamph. 1991);
see Chojnacki v. Court of Appeals, 699 S.W.2d 193 (Tex. 1985); B.D. Click Co. v. Safari
Drilling Corp., 638 S.W.2d 860 (Tex. 1982). In its response, American Transit states that, at
the time it filed its petition for writ of error, it requested "a transcript of the proceedings." See
generally Tex. R. App. P. Ann. 51(b), 53(a) (Pamph. 1991).

 American Transit, however, has filed neither a transcript or statement of facts nor
a motion requesting an extension of time within which to file the record. Because the time within
which to file a motion for extension of time has passed, we dismiss the appeal for want of
prosecution.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Dismissed for Want of Prosecution

Filed: February 12, 1992

[Do Not Publish]
1. 

 [1] There was a question whether the default judgment rendered June 7, 1990, was final as to
American Transit because only Capital Metro filed a motion for new trial. The trial court severed
the claims after the court granted the motion for new trial. See Amcole Energy Corp. v.
Chapman, Inc., 666 S.W.2d 540 (Tex. App. 1984, no writ).