ACCEPTED
12-13-00035-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/29/2015 4:48:22 PM
CATHY LUSK
CLERK

# No. 12-13-00035-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

5/29/2015 4:48:22 PM

CATHY S. LUSK
Clerk

# In the
# Twelfth Court of Appeals

**Aaron Jordan, et al,**

*Appellants,*

**v.**

**Cynthia Kay Lyles,**

*Appellee.*

## UNOPPOSED MOTION TO CORRECT OR CLARIFY
## THE COURT'S JUDGMENT AND MANDATE

J. BRAD MCCAMPBELL
State Bar No. 13358000
CURTIS, ALEXANDER
  MCCAMPBELL & MORRIS, P.C.
P. O. Box 38
Emory, TX 75440
Telephone:  (903) 473-227
Facsimile:    (903) 473-3069
bmccampbell@cammpclaw.com

GREG SMITH
State Bar No. 18600600
NOLAN SMITH
State Bar No. 24075632
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, TX 75702
Telephone:  (903) 597-3301
Facsimile:    (903) 597-2413
gsmith@rameyflock.com
nolans@rameyflock.com

**COUNSEL FOR APPELLEE CYNTHIA KAY LYLES**

TO THE HONORABLE COURT OF APPEALS:

Cynthia Lyles, appellee, requests this Court's order correcting a clerical error appearing in the Court's judgment and duplicated in its mandate. Essentially, these documents can be construed as awarding punitive damages, even though the parties agree such damages should not be part of the recovery. The Court should modify the judgment and mandate to clarify that punitive damages have not been recovered.

### *The denial of punitive damages was not contested below.*

The jury verdict awarded $156,016 in actual damages and $50,000 in punitive damages. CR 201, 204. Post-trial and before judgment, the appellants agreed that this verdict would not support a punitive-damage recovery, because the jury wasn't unanimous in the underlying findings. 6 RR 11 (". . . [S]o I admit that, we're not entitled to the punitive damages in this cause.")

The district court did not award recovery of either actual or punitive damages but rather entered a take-nothing judgment notwithstanding the verdict. CR 228-29. On appeal, while the appellants sought to recover actual damages, they consistently disclaimed any attempt to recover punitive damages:

- Each time the Appellants' Brief referenced the verdict's punitive-damage finding, an accompanying footnote explained that the Appellants "conceded the exemplary damages were improper due to lack of unanimity on the predicate questions. 6 RR at 11." *See* Appellants' Brief at n.3, n. 55.

- The Appellants' Brief and Reply both ended with requests to "render judgment in conformity with the jury's verdict *(other than the exemplary damages)*." Appellants' Br. at 25; Reply Br. at 32 (emphasis added).

Nothing else was said about punitive damages in the appeal. The recovery of punitive damages simply was not on the table.

### **The appellate judgment and mandate, by entering judgment "according to the verdict," raise an issue about recovery of punitive damages.**

On appeal, the appellants challenged the district court's liability determination and they sought actual damages. This Court, agreeing with them, found some evidence of breach of fiduciary duty and reversed. The Court's opinion did not address punitive damages or otherwise imply that they should be recovered. Yet the appellate judgment and mandate state that judgment has been rendered "in accordance with the jury's verdict," which, as already stated, includes a now-immaterial finding on punitive damages.

Based on the case history, all parties now agree that exemplary damages

should not be part of the appellate judgment and that instead judgment should be rendered only on actual damages. But regardless what they agree the judgment *should* do, the Appellants are of the view that the current judgment and mandate in fact actually award them punitive damages. And they have secured a writ of garnishment in an amount--$220,795.64--that impliedly includes the unsustainable $50,000 in punitive damages. *See* attached writ of garnishment. So, even though there is no issue as to what the judgment and mandate *should* award, there are real issues as to what they in fact do award and whether this accurately reflects the Court's intended result.

### The Court may clarify and correct the clerical error in its judgment.

Under TRAP 19 and under the Court's inherent authority, this Court retains the power to correct clerical errors in its judgments and mandates and to clarify them. The present circumstances—where the judgment says it is rendered according to "the verdict" but the intention was instead to award merely actual damages—support the use of this corrective power. The Court should revise its judgment and mandate to clarify that punitive damages have in fact not been recovered, so as to conform the judgment and mandate with the appellate issues and the Court's intentions.

***The Court may also act to ensure finality.***

Since the district court's judgment was a take-nothing judgment, and since this Court's judgment does not state any money-damage amount, there currently is no judgment—of any court—identifying the amount of the Appellants' recovery. This at least potentially raises a question as to the judgment's finality. *See, e.g., Merchandise Mart, Inc. v. Marcus*, 515 S.W.2d 663, 664 (Tex. 1974)(where neither the appellate judgment nor the opinion stated the amount for which the defendant was liable, the appellate judgment was interlocutory). To ensure no problem as to finality, the Court should revise or clarify its judgment and mandate to clearly identify that it is only the actual damage amount/finding, and not any punitive damages, for which judgment has been reversed and rendered and to state the damage amount--$156,016.

## Certificate of Conference

Appellants' lead counsel on appeal, Mr. Chad Baruch, states that Appellants do not oppose the requested relief.

## Conclusion and Prayer

Under TRAP 19, as well as the Court's inherent powers to clarify its judgments (and any additionally relevant rules, statutes or common-law doctrines), Lyles prays that the Court would correct, amend, clarify or otherwise revise its judgment and its mandate so as to expressly state that the Appellants have recovered only actual and not punitive damages. Lyles of course requests all other relief this Court may deem appropriate.

Respectfully submitted,

   /s/ Greg Smith
GREG SMITH
State Bar No. 18600600
NOLAN SMITH
State Bar No. 24075632
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, TX 75702
Telephone:  (903) 597-3301
Facsimile:  (903) 597-2413
gsmith@rameyflock.com
nolans@rameyflock.com

J. BRAD MCCAMPBELL
State Bar No. 13358000
CURTIS, ALEXANDER,
   MCCAMPBELL & MORRIS, P.C.
P. O. Box 38
Emory, TX 75440
Telephone: (903) 473-2297
Facsimile:  (903) 473-3069
bmccampbell@cammpclaw.com

Counsel for Appellee,
Cynthia Kay Lyles

## Certificate of Service

The undersigned certifies that a copy of the above and foregoing document was served upon counsel for Appellants in accordance with the applicable Texas Rules of Civil Procedure on this the 29th day of May, 2015, on the following:

> **Via e-filing baruchesq@aol.com**
> Chad Baruch
> The Law Office of Chad Baruch
> 3201 Main Street
> Rowlett, TX  75088

   /s/ Greg Smith        
Greg Smith

# WRIT OF GARNISHMENT AFTER JUDGMENT

## THE STATE OF TEXAS

## CAUSE NO: 2015-1852-4

## TO: CYNTHIA LYLES, JUDGMENT DEBTOR – 503 RIVER PARK RD., MCGREGOR, TEXAS 76657

## GREETINGS:

**WHEREAS,** in the judgment described below the Plaintiff(s) secured a judgment in this Court against the said Defendant(s), the Plaintiff(s) has/have applied for a Writ of Garnishment against you, Garnishee.

Judgment Court: **402ND JUDICIAL DISTRICT**
County of Judgment: **WOOD COUNTY**
State of Judgment: **TEXAS**
Judgment Rendered in Cause Number: **2011-115**
Plaintiffs: **AARON JORDAN, MICHAEL JORDAN, HEATHER JORDAN, GILBERT JORDAN, PHYLLIS ANN WOODS AND DONNA JOYCE CURTIS**
Garnishment Cause No.: **2015-1852-4**
Judgment Debtor: **CYNTHIA LYLES**
Garnishee: **FIRST NATIONAL BANK - CENTRAL TEXAS, A BANKING INSTITUTION**
Garnishment Filing Date: **MAY 15, 2015**
Judgment Amount: **$220,795.64 WITH POST JUDGMENT INTEREST ON SAID AMOUNT AT THE RATE OF 5% PER ANNUM AND COST OF SUIT**

**THEREFORE, YOU ARE HEREBY COMMANDED** to file a sworn written answer on or before ten o'clock A.M., on the Monday next following the expiration of twenty days from the date of service hereof, then and there to answer upon oath:

1. What, if anything, you are indebted to the said Defendant, and were, when this writ was served upon you?
2. What effects, if any, of the said defendant you had in your possession when this Writ was served or you have received prior to the answer date?
3. What other persons, if any, within your knowledge, are indebted to the said defendant, or have effects belonging to said defendant in their possession?

**YOU ARE FURTHER COMMANDED NOT** to pay to the defendant any debt or to deliver to him any effects pending further order of this court.

**HEREIN FAIL NOT**, but make due answer as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **MAY 18, 2015**

**PAUL R. LEAKE**
**P.O. BOX 1300**
**FORNEY, TEXAS 75126**

Plaintiff's Attorney

Jon R. Gimble
District Clerk
PO Box 2451
Waco, McLennan County, Texas 76703

By _____, Deputy
    **ROBERTA JEWELL**