**DISMISS; Opinion Filed August 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00476-CV

### IN THE GUARDIANSHIP OF E.F.L., AN INCAPACITATED PERSON

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-13-1586-2**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Brown, and Justice Stoddart
Opinion by Justice Stoddart

This is an appeal in a guardianship proceeding involving E.F.L., the ward. Appellant Beverly Kennedy is E.F.L.'s daughter. She challenges two orders from the probate court, both of which the probate court set aside in favor of a final order. Concluding the appeal presents nothing for our review, we dismiss the appeal.

On January 16, 2014, the probate court signed an order naming Kennedy as guardian of E.F.L.'s person, and Tammy Martinez, E.F.L.'s granddaughter, as guardian of the estate. Nearly one month later, on February 12, 2014, the probate court signed a second order, which set aside the guardian appointments and appointed new guardians of both the person and estate. In separate motions, Kennedy and Martinez each contested the February 12 order. The motions were considered at a hearing on March 18, 2014, during which the court indicated that it was "inclined to grant in all respects, and to, you know, send us back to a situation where Ms. Kennedy is the guardian of the person and where Ms. Martinez serves as the guardian of the

estate." However, in its March 25 written order memorializing the March 18 hearing, the court set aside the February 12 order without reinstating Kennedy or Martinez as guardians. Two days later, on March 27, 2014, the probate court signed a new order removing Kennedy as guardian of E.F.L.'s person and appointing Martinez in her place.

Kennedy filed this appeal challenging the January 16 order and March 18 verbal, in-court pronouncement. However, Kennedy does not appeal the February 12 order that set aside the January order. An order setting aside a previous order returns the parties to the positions they occupied before the initial order was entered and leaves the case as if no order had been entered. *See Curry v. Bank of Am., N.A.*, 232 S.W.3d 345, 351 (Tex. App.—Dallas 2007, pet. denied) (citing *P.V. Int'l Corp. v. Turner*, 700 S.W.2d 21, 22 (Tex. App.—Dallas 1985, no writ)). Because the probate court set aside the January 16, 2014 order and that decision is not challenged on appeal, there is nothing for us to consider with respect to the January 16 order.

Kennedy further asserts that on March 18, the probate court verbally reinstated the January 16 order, again naming her as the guardian of E.F.L.'s person. Even if we assume the probate court intended to and properly did reinstate the January 16 order, the March 18 pronouncement subsequently was set aside, at least as to Kennedy, by the March 27, 2014 order. Kennedy does not challenge the March 27 order. Her complaint presents nothing for us to review.

We dismiss this appeal.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

140476F.P05

—2—



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE GUARDIANSHIP OF E.F.L., AN INCAPACITATED PERSON

No. 05-14-00476-CV

On Appeal from the Probate Court No. 2, Dallas County, Texas
Trial Court Cause No. PR-13-1586-2.
Opinion delivered by Justice Stoddart. Chief Justice Wright and Justice Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that all parties bear their own costs of this appeal.


Judgment entered this 6th day of August, 2015.