**REVERSE and RENDER; and Opinion Filed October 22, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00447-CV

**COMPASS BANK, Appellant**
**V.**
**STEPHEN L. GOODMAN, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-02082-B**

## OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Fillmore

Compass Bank sued Stephen L. Goodman, as guarantor, seeking to collect the deficiency remaining after Compass foreclosed on two pieces of real property securing the repayment of two promissory notes. Goodman claimed a right to offset under section 53.001 of the property code because the fair market value at the time of the foreclosure sale of the two pieces of property was greater than the amount bid by Compass at the foreclosure sale.

Following a bench trial, the trial court determined Goodman had not waived his right to offset and rendered judgment that Compass take nothing on its claims. In two issues, Compass argues the trial court erred by rendering judgment for Goodman because Compass established it was entitled to a deficiency judgment and Goodman contractually waived his right under section 51.003 of the property code to a fair market value offset against the deficiencies. Because we

conclude Goodman contractually waived his right to an offset, we reverse the trial court's judgment and render judgment for Compass.

## Background

On August 14, 2007, Dritschler Homes, L.L.C. executed and delivered two promissory notes to Compass. The first note, in which Dritschler Homes promised to pay the principal amount of $720,000 along with interest due, was secured by a deed of trust on real property referred to by the parties as the Audubon property. The second note, in which Dritschler Homes promised to pay the principal amount of $760,000 along with interest due, was secured by a deed of trust on real property referred to by the parties as the Overbrook property. Among other provisions, the deeds of trust stated that Dritschler Homes waived the benefit of any statute regulating the obtaining of a deficiency judgment or requiring that the value of the property that was the subject of each deed of trust be set off against any part of the indebtedness secured by the deed of trust.

The two promissory notes were further secured by continuing guaranties signed by Goodman on August 27, 2007.[1] On September 18, 2008, Dritschler Homes signed a Renewal and Extension of Note and Liens for each promissory note that was effective August 14, 2008. Goodman signed a continuing guaranty for each note on September 19, 2008. All the guaranties signed by Goodman included the following language:

> The obligations of Guarantor hereunder are independent of the obligations of Borrower, and a separate action or actions may be brought and prosecuted against Guarantor whether action is brought against Borrower or whether Borrower be joined in any such action or actions; and Guarantor waives, to the fullest extent permitted by applicable law, the benefit of any statute of limitations or other defenses affecting its liability hereunder or the enforcement thereof.

---

[1] The reporter's record does not contain a copy of the guaranty signed by Goodman in August 2007 for the note on the Overbrook property. Rather, it contains two copies of a guaranty signed by Goodman on September 19, 2008 for the note on the Overbrook property. However, the parties do not dispute that Goodman signed a guaranty in August 2007 for the note on the Overbrook property that contained the same language as the other guaranties signed by Goodman.

Dritschler Homes eventually defaulted on both notes. Pursuant to the deeds of trust, Compass sold both properties at a nonjudicial foreclosure sale on January 5, 2010. The bid for the Audubon property was $446,250, resulting in a deficiency of $322,938.84. The bid for the Overbrook property was $462,000, resulting in a deficiency of $259,684.23. Compass sued Goodman seeking to recover the total deficiency on both properties of $582,623.07 plus costs, interest, and attorney's fees. Goodman filed a motion requesting a determination of the fair market value of each property and seeking an offset against the deficiency on each note in the amount that the property's fair market value exceeded the amount paid for the property at foreclosure. *See* TEX. PROP. CODE ANN. § 51.003(c) (West 2007).[2] During the trial before the court, the parties stipulated that, on January 5, 2010, (1) the fair market value of the Audubon property was $750,000 and the unpaid balance on the promissory note on the property was not greater than $721,684.23, and (2) the fair market value of the Overbrook property was $775,000 and the unpaid balance on the promissory note on the property was not greater than $769,188.84.

The trial court rendered judgment that Compass take nothing on its claims against Goodman. The trial court made findings of fact and conclusions of law that (1) Goodman had not waived any rights or remedies pursuant to section 51.003 and was entitled to an offset against the alleged deficiency in the amount by which each property's fair market value exceeded its foreclosure sale price, (2) the parties stipulated the offset exceeded the alleged deficiency, and (3) because the offset exceeded the alleged deficiency, the alleged deficiency did not exist as a matter of law.

## Analysis

---

[2] Section 51.003(c) states in relevant part:

> If the court determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons against whom recovery of the deficiency is sought are entitled to an offset against the deficiency in the amount by which the fair market value, less the amount of any claim, indebtedness, or obligation of any kind that is secured by a lien or encumbrance on the real property that was not extinguished by the foreclosure, exceeds the sale price.

TEX. PROP. CODE ANN. § 51.003(c).

In its first issue, Compass contends the trial court erred by denying Compass's claim for a deficiency judgment because the undisputed evidence at trial established there was a deficiency on the notes following the foreclosure sale. In its second issue, Compass specifically challenges the trial court's findings of fact and conclusions of law and asserts Goodman contractually waived his right to seek a fair market value offset under section 53.001 of the property code.

We construe Compass's complaints as a challenge to the legal sufficiency of the evidence to support the trial court's judgment. Findings of fact in a case tried to the court have the same force and effect as jury findings. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Lanier v. E. Founds., Inc.*, 401 S.W.3d 445, 459 (Tex. App.—Dallas 2013, no pet.). Therefore, we review a trial court's fact findings by the same standards used to review the sufficiency of the evidence to support a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Lanier*, 401 S.W.3d at 459. We review a trial court's conclusions of law de novo and will uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Bob Montgomery Chevrolet, Inc. v. Dent Zone Companies*, No. 05-13-00197-CV, 2013 WL 4813508, at *4 (Tex. App.—Dallas Aug. 5, 2013, no pet.).

When the party who had the burden of proof at trial complains of the legal insufficiency of the evidence to support an adverse finding, that party must demonstrate the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); *Lanier*, 401 S.W.3d at 459. In reviewing a legal sufficiency complaint, we consider all of the evidence in the light most favorable to the prevailing party, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Lanier*, 401 S.W.3d at 459. If there is no evidence to support the adverse

finding, we then examine the entire record to determine whether the contrary proposition is established as a matter of law. *Francis*, 46 S.W.3d at 241; *RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 448 (Tex. App.—Dallas 2011, no pet.). We sustain the issue only if the contrary proposition is conclusively established. *Francis*, 46 S.W.3d at 241; *RM Crowe Prop. Servs., Co., L.P.*, 348 S.W.3d at 448. The ultimate test for legal sufficiency is whether the evidence would enable a reasonable and fair-minded fact finder to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827.

Compass first argues the evidence conclusively established that a deficiency existed on each of the promissory notes. In his brief, Goodman does not contest the existence of a deficiency on each of the notes. The evidence at trial established that (1) Goodman signed the guaranties on the notes; (2) because the notes were not paid, both the Audubon and the Overbrook properties were sold at a foreclosure sale on January 5, 2010; (3) on January 5, 2010, the unpaid balance on the promissory note on the Audubon property was not greater than $721,684.23; (4) the bid at foreclosure on the Audubon property was $446,250, resulting in a deficiency on the note of $322,938.84; (5) on January 5, 2010, the unpaid balance on the promissory note on the Overbrook property was not greater than $769,188.84; and (6) the bid for the Overbrook property was $462,000, resulting in a deficiency on the note of $259,684.23. We conclude the evidence conclusively established there was a deficiency on both notes following the foreclosure sale. TEX. PROP. CODE ANN. § 51.003(a) (deficiency results when price at which real property is sold at foreclosure sale under section 51.002 is less than unpaid balance of the indebtedness secured by real property). We resolve Compass's first issue in its favor.

In its second issue, Compass challenges the trial court's findings that Goodman did not waive his right to a fair market value offset under section 53.001 of the property code. In response, Goodman does not argue that his right to an offset under section 51.003 was not

–5–

subject to waiver. Rather, he argues only that the waiver language in the guaranties, when construed in context with the balance of the guaranties' terms, is not specific enough to waive his right under section 51.003.

Section 53.001 of the property code provides for a determination of the fair market value of property sold at foreclosure. *Id.* § 51.003(b). If the fact finder determines the fair market value is greater than the foreclosure sale price, the person obligated on the indebtedness is entitled to offset the deficiency amount by the difference between the fair market value and the sale price. *Id.* § 51.003(c); *Interstate 35/Chisam Road, L.P. v. Moayedi*, 377 S.W.3d 791, 795 (Tex. App.—Dallas 2012, pet. filed). However, the right to an offset under section 53.001 is waivable. *Id.* at 797–801. We recently concluded that language identical to the language in the guaranties signed by Goodman was sufficient to waive a guarantor's right to an offset under section 51.003 of the property code. *Compass Bank v. Manchester Platinum Mgmt., Inc.*, No. 05-11-00912-CV, 2013 WL 4081420, at *1–2 (Tex. App.—Dallas Aug. 13, 2013, no pet. h.) (mem. op.). Accordingly, we resolve Compass's second issue in its favor, reverse the trial court's judgment in favor of Stephen L. Goodman, and render judgment for Compass on the guaranty agreements against Stephen L. Goodman in the amount of $582,623.07 plus pre- and post-judgment interest as allowed by law.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

120447F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COMPASS BANK, Appellant

No. 05-12-00447-CV      V.

STEPHEN L. GOODMAN, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. 10-02082-B.
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that appellant Compass Bank recover the principal amount of $582,623.07 from appellee Stephen L. Goodman plus pre-judgment and post-judgment interest as provided by law.

It is **ORDERED** that appellant Compass Bank recover its costs of this appeal from appellee Stephen L. Goodman.

Judgment entered this 22nd day of October, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

–7–