**Affirmed; Opinion Filed February 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00690-CV

**CLEOTHIS SPEARMAN, Appellant**
**V.**
**JOHNNY LEE MORRIS, Appellee**

### On Appeal from the 101st District Court
### Dallas County, Texas
### Trial Court Cause No. DC-11-11204-E

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

Cleothis Spearman appeals the trial court's judgment declaring title to three properties to be vested in Johnny Lee Morris. One of the properties had been condemned by the Dallas Independent School District, and the trial court declared that Morris was entitled to all the condemnation proceeds. Spearman brings three issues on appeal contending (1) the trial court erred by ruling that an agreement between Morris and Cleo Morris (Morris's wife and Spearman's mother) met the requirements for a partition of marital property; (2) the trial court's findings that Morris dealt with the properties as his separate property after 1989 were not supported by clear and convincing evidence; and (3) the trial court erred when it did not dismiss Morris's suit under the statute of limitations. We affirm the trial court's judgment.

## BACKGROUND

Morris's wife was Cleo Morris, and she was Spearman's mother. In 1989, Cleo and Morris signed a handwritten agreement dividing their real estate and business properties.[1] The agreement stated Morris would get the properties on Hudspeth Street, Grand Avenue, and Kinmore Street and that Cleo would receive the Fleet Feet Sport Store on Main Street and the properties on Clarence Street and Avenue L.

In 1999, Cleo died intestate. Morris filed application to determine heirship on January 5, 2001 identifying Spearman and Morris as her heirs. After Cleo's death, the Dallas Independent School District condemned the Grand Avenue property. The special commissioners determined the value of the Grand Avenue property was $180,000, and the school district deposited that sum into the registry of the court.

On September 2, 2011, Morris filed this suit for declaratory judgment and to quiet title seeking declarations that (A) the agreement was a valid and binding partition agreement and that he was vested with complete ownership of the properties identified in the agreement as his; or (B) that he was vested with complete ownership of the properties by adverse possession; and (C) that he is entitled to all the proceeds from the condemnation lawsuit. Spearman responded, alleging the affirmative defenses of statute of limitations, issue preclusion, and conflict of

---

[1] The agreement stated,

Agre[e]ment

This is the Agre[e]ment between Johnny L. Morris and Cleo Morris. We are of Sound Mind. Date November 30, 1989.
Cleo Will get Fleet Feet Sport Store 1609 Main, Cl[a]r[e]nce Street Apt. 2710 and House at 514 Ave L. Dallas, Texas.
Johnny L. Morris will get House at 1706 Hudspeth Street, 2705 Grand Ave Apt and House 3502 Kinmore St Dallas, Texas. Cleo Morris will borrow $50,000.00 on Grand Apt 2705.

/s/ J.L. Morris 12/11/89

/s/ Cleo Morris 12-11-89

interest. The statute-of-limitations and issue-preclusion defenses were based on the determination-of-heirship proceeding. The conflict-of-interest allegation arose because one of the attorneys representing Johnny Morris in this litigation was the attorney ad litem appointed to represent the heirs in the determination-of-heirship proceeding.

After a trial before the court at which both Spearman and Morris testified, the trial court entered judgment for Morris, declaring that the Grand Avenue, Kinmore Drive, and Hudspeth properties were "his separate property since at least 1999" and that Spearman had no right, title, or interest in those properties. The court also declared that Spearman had no interest in the condemnation proceeds from the Grand Avenue property.

## STANDARD OF REVIEW

Appellant appears pro se before us. We liberally construe pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212.

The trial court did not make findings of fact and conclusions of law, and neither side requested that the court make findings of fact and conclusions of law. A court of appeals may not look to any comments that the trial court may have made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984) (per curiam); *Porter v. Olivares*, No. 05-11-01213-CV, 2012 WL 2564789, *2 (Tex. App.—Dallas July 3, 2012, pet. denied) (mem. op.). When no findings of fact or conclusions of law were requested or filed, it is implied that the trial court made all the findings necessary to

–3–

support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). The judgment will be upheld on any legal theory that finds support in the evidence. *Id.*

## ANALYSIS

In his first issue, Spearman contends the trial court erred by determining that Cleo and Morris's handwritten agreement met the statutory requirements for a marital property partition agreement under section 4.104 of the family code. Spearman did not object to the admission of the agreement, and he never argued in the trial court that it did not meet the requirements for a partition agreement. "Parties are restricted on appeal to the theory on which the case was tried." *Davis v. Campbell*, 572 S.W.2d 660, 662 (Tex. 1978); *see Mora v. Mora*, No. 04-10-00832-CV, 2012 WL 1721540, *1 (Tex. App.—San Antonio May 16, 2012, no pet.) (mem. op.) (quoting *Davis*; party waived complaint that a marital agreement was not enforceable under family code section 4.102 by not making that argument in the trial court). Rule of appellate procedure 33.1(a) requires that as a prerequisite to presenting a complaint on appeal, the party must have made the complaint known to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a). Spearman never complained to the trial court that the agreement was not enforceable because it did not meet the requirements of section 4.104. We conclude Spearman has not preserved this argument for appellate review. We overrule Spearman's first issue.

In his second issue, Spearman contends the trial court's findings that Morris dealt with the properties as his separate property after the 1989 agreement was in error and not supported by clear and convincing evidence. Spearman asserts that the properties were presumed to be community property and that Morris had the burden of proving the separate character of the properties by clear and convincing evidence. *See* TEX. FAM. CODE ANN. § 3.003 (West 2002); *Pearson v. Pilgrim*, 332 S.W.3d 361, 363 (Tex. 2011). The party seeking to establish the separate character of the property must trace and clearly identify the property in question as

separate by clear and convincing evidence. *Pearson*, 332 S.W.3d at 363. Spearman argues Morris failed to prove he treated the properties as his separate property after the 1989 agreement by paying all the taxes and maintenance for the properties because Morris did not produce any cancelled checks or other documents proving he alone paid the taxes and costs of maintaining the properties. However, proof of payment of taxes and maintenance of the properties was not necessary for Morris to prove the separate character of the properties. Their separate character was established by the partition agreement, which identified the properties.

Spearman also argues that clear and convincing evidence does not support the trial court's findings that Morris had no involvement in the Fleet Feet Sports Store and had no contact with the Clarence Street property after the 1989 agreement. However, the trial court made no such express findings, and because such a finding was not necessary to support the judgment, there was no implied finding.[2] We overrule Spearman's second issue.

In his third issue, Spearman contends the trial court erred by not dismissing Morris's suit because it was barred by the statute of limitations and because of "issue preclusion" from the heirship-determination proceeding. Spearman argues Morris's cause of action accrued when the judgment in the determination-of-heirship proceeding was signed and that this suit for declaratory judgment had to be brought within four years of the judgment in the heirship-determination proceeding under section 16.004 of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 2002). However, Spearman did not request or obtain findings of fact and conclusions of law on limitations or issue preclusion. A party asserting an affirmative defense in a trial before the court must request findings in support

---

[2] Spearman also states on appeal that Morris received notice of a payment of $5,364.13 for the Clarence Street property, and that Morris received notices from the City about the failure to maintain the property. Spearman does not cite to the record in support of these statements, and no evidence of these notices appears in the record of the trial. Spearman also attached to his brief exhibits that were not admitted into evidence at the trial, including the judgment in the heirship-determination proceeding, a sheriff's deed for the Clarence property, and an order from the City of Dallas to "Johnny and/or Cleo Morris" to repair the Clarence property. We cannot consider attachments to briefs that are not part of the appellate record. *Wilhoite v. Sims*, 401 S.W.3d 752, 762 (Tex. App.—Dallas 2013, no pet.).

of the defense to avoid waiver of its affirmative defense. *RM Crowe Property Servs. Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 449 (Tex. App.—Dallas 2011, no pet.); *Cooper v. Cochran*, 288 S.W.3d 522, 531 (Tex. App.—Dallas 2009, no pet.). Because Spearman did not request findings on his statute-of-limitations and issue-preclusion affirmative defenses, he has waived them.

Spearman also argues that one of Morris's attorneys should have been disqualified because he was appointed as a guardian ad litem for Cleo's heirs in the heirship-determination proceeding. Spearman's answer to Morris's original petition alleged that the attorney had a conflict of interest. However, Spearman never raised it further before the trial court. A motion to disqualify an attorney must be raised timely in the trial court. *See Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012) (per curiam) ("unexplained seven-month delay in seeking the attorney's disqualification was sufficient to establish waiver"); *Vaughan v. Walther*, 875 S.W.2d 690, 691 (Tex. 1994) (orig. proceeding) (trial court abused discretion by ordering attorney disqualified when party first moved for disqualification on day of final hearing six and one-half months after party knew the grounds for disqualification); *see also* TEX. R. APP. P. 33.1(a) (motion or objections is prerequisite to raising issue on appeal). In this case, Spearman was aware of the grounds for disqualification when he filed his answer on September 26, 2011, yet he never moved for the attorney's disqualification or objected to the attorney's representation of Morris until he filed his brief on appeal. We conclude Spearman waived any grounds for disqualification of the attorney. We overrule Spearman's third issue.

## CONCLUSION

We affirm the trial court's judgment.

130690F.P05

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CLEOTHIS SPEARMAN, Appellant

No. 05-13-00690-CV      V.

JOHNNY LEE MORRIS, Appellee

On Appeal from the 101st District Court, Dallas County, Texas
Trial Court Cause No. DC-11-11204-E.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JOHNNY LEE MORRIS recover his costs of this appeal from appellant CLEOTHIS SPEARMAN.


Judgment entered this 27th day of February, 2014.



/Lana Myers/
LANA MYERS
JUSTICE