**Angel GARCIA, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

No. 933.

Court of Civil Appeals of Texas, Tyler.

Sept. 30, 1976.

Gerald J. Goodwin, Brock & Williams, Houston, for appellant.

John P. Venzke, Fulbright & Jaworski, Houston, for appellee.

McKAY, Justice.

This is a workmen's compensation case in which appellant claimed injury and compensation benefits. After a jury finding that appellant had not sustained any total or partial incapacity as a result of an injury judgment was rendered that appellant take nothing. The jury also found that there was not another employee of the same class as appellant who had worked at least 210 days of the year immediately preceding in the same or similar employment in the same or a neighboring place. We affirm the judgment of the trial court.

Appellant alleged that while he was working within the course and scope of his employment he suffered accidental bodily injuries to his head, neck, back and right eye and that such injuries produced total disability. Appellant testified that he was a "carpenter helper", and that he was working in the loft of the building and as he was putting up some plywood he raised from hammering and hit his head on a rafter and cut it. He said this injury resulted in temporary unconsciousness and he was taken to a doctor who sewed up the cut in his head. He further testified that he suffered from a headache and vomiting after being taken home, and that he was taken to the hospital where his head and neck continued to hurt while he was hospitalized as well as after his discharge. He further testified his eye was red and "water a lot", and that he was in St. Joseph's Hospital ten or twelve days on two different admissions. He said that after his second release he tried to get his old job back but that they would not hire him because he was ill; that he did get a job with another company and while walking on a scaffold he got dizzy and fell and hurt his ribs and one leg; and that "my head hurts. The neck and I get dizzy and I am afraid of heights."

Appellant's first three points complain that there is no evidence, and that there is insufficient evidence to support the finding of the jury in answer to issue 1 that his injury was not a producing cause of any total incapacity, and that such answer is contrary to the greater weight and preponderance of the evidence as to be manifestly wrong and unjust. Points 4, 5 and 6 make the same complaints concerning the jury's answer to issue 2 that his injury was not a producing cause of any partial incapacity.

In passing on the no evidence point we may consider only the evidence and inferences therefrom which tend to support the verdict and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). When the contention is that the evidence is insufficient to support a fact finding or that the finding is against the great weight and preponderance of the evidence, we must examine all the evidence and reverse and remand for a new trial if it concludes that the evidence is factually insufficient to support the finding of a vital fact or that the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Dr. Litel, a neurosurgeon, testified his examination of appellant was neurologically normal, and that from his examination it was his opinion that appellant's complaint that he could not see well out of his right eye was subjective. Dr. Litel said he found no indication of swelling in appellant's eye, and he found nothing abnormal, and that from his standpoint the eye was normal, but that appellant was kept in the hospital

for observation "to make certain there was nothing of a very serious nature occurring." His further examination showed that the x-ray of appellant's skull was normal, and the optic foramina (the two small holes through which the optic nerves go) were normal. EEG was mildly abnormal and brain scan tests showed evidence to support the possibility of a subdurval hematoma. A bilateral carotid arteriogram was done, which test, Dr. Litel testified, ruled out any subdurval hematoma or blood mass in or pressing on the brain.

Since appellant complained of his right eye Dr. Litel referred appellant to Dr. Van Riet, an ophthalmologist, for examination and evaluation. Dr. Van Riet, after examination, concluded that appellant was able to see normally out of his eye. Final diagnosis made by Dr. Litel was "number one, mild concussion and number two, transient visual loss, etiology undetermined." He explained that concussion means loss of consciousnesss, from which appellant fully recovered, and that "transient visual loss, etiology undetermined" meant "that I couldn't explain the patient's complaint to me that he couldn't see; that I felt that we had made all efforts possible or reasonable to determine any injury to the eye and had failed to come up with anything."

The fact that appellant received an accidental injury by cutting his head on a rafter was undisputed. Appellant had the burden to obtain a favorable finding that such injury produced some total or partial incapacity. The only evidence that appellant presented that he had suffered any total or partial incapacity was from the appellant himself, and such testimony was to the effect that he suffered from headaches, dizziness and eye problems. The medical evidence was to the effect that such complaints had no relation to appellant's injury, and that his injury produced no total or partial incapacity. The appellant was an interested witness and his testimony as a witness for himself presented only a fact issue for the jury. We are of the opinion that there was sufficient evidence to support the verdict of the jury that the injury produced no total or partial incapacity.

Appellant seems to maintain that because he was hospitalized twice that he was totally disabled for that period of time. The fact that appellant was in the hospital for examination does not prove that he was either totally or partially incapacitated. The burden of proof was on appellant to prove incapacity to the satisfaction of the jury. Obviously, the hospitalization of appellant was for the purpose of determining with all reasonable medical examinations and tests whether appellant did suffer any incapacity, and appellant does not complain that such examinations and tests were inadequate or not sufficiently comprehensive. We overrule appellant's points one through six.

Appellant's points 7, 8 and 9 complain that there was no evidence or insufficient evidence to support the finding of the jury that there was not another employee of the same class as appellant who had worked at least 210 days of the year immediately preceding the injury in the same or similar employment in the same or a neighboring place, and that such answer is contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. We overrule these points.

Appellant testified he was a carpenter's helper. He offered the witness Goodwin who testified he was a carpenter, and that he had worked 210 days in the preceding year. However, on cross-examination he testified that he did not know how many days he worked, but that he did work every day it did not rain and he did not know how many days that was. Even if Goodwin worked 210 days he was not a workman of the same class.

The burden of proving the wage rate is on the claimant in a workmen's compensation case. It is undisputed appellant did not work 210 days; and, therefore,

**480**

Subdivision (1) of Art. 8309, § 1, Vernon's Ann.C.S. did not apply. Appellant failed to prove the average weekly wage rate of another employee of the same class who had worked 210 days during the prior year, and the jury so found under Subsection (2). Appellant failed to request an issue under Subsection (3) on "just and fair" wage rate, but (3) may be resorted to only after the claimant has met "his burden of proving by competent evidence that his wages cannot be computed under Subdivision (1) or (2)." *Aetna Insurance Co. v. Giddens,* 476 S.W.2d 664 (Tex.1972). Points 7, 8 and 9 are overruled.

Judgment of the trial court is affirmed.