Jerome E. **CHOJNACKI**, Relator,

v.

The **COURT OF APPEALS FOR the FIRST SUPREME JUDICIAL DISTRICT**, et al., Respondents.

No. C–3943.

Supreme Court of Texas.

June 26, 1985.

Rehearing Denied Sept. 18, 1985.

Kirklin, Boudreaux and Joseph, Glen M. Boudreaux, Edward J. Howlett, II and Deborah H. Peveto, Houston, for relator.

Haynes and Fullenweider, Clinard J. Hanby, Houston, for respondents.

PER CURIAM.

This is an original proceeding in which Jerome E. Chojnacki seeks to have this court issue a writ of mandamus directing the court of appeals to rescind an order issued by it which granted the third motion of the real party in interest, AMI Systems, Inc., for an extension of time to file its statement of facts. Without hearing oral argument, we conditionally grant the mandamus. TEX.R.CIV.P. 483.

In August, 1984, the trial court rendered judgment non obstante veredicto for Mr. Chojnacki in a suit by AMI Systems, Inc. In October, the court of appeals granted AMI's first motion for extension of time to file its appellate brief and the statement of facts. On December 13, the court of appeals granted AMI's second motion for extension of time. That order set December 17 as the date for filing the statement of facts and January 16, 1985 as the date for filing AMI's appellate brief.

On January 16, AMI filed its third motion for extension of time to file the statement of facts, more than 15 days after the last day for filing.

In *B.D. Click Company, Inc., v. Safari Drilling Corporation*, 638 S.W.2d 860, 862 (Tex.1982), this court held that "an appellant's motion for extension of time to file the transcript and statement of facts must be filed within fifteen days of the last day for filing as prescribed by Rule 21c."

AMI cites the case of *Gibraltar Savings Association v. Hamilton Air Mart, Inc.,* 662 S.W.2d 632 (Tex.App.—Dallas 1983, no writ) in support of its argument that this court's opinion in *B.D. Click* applies only to initial motions for extension of time. We disapprove the holding in *Gibraltar Savings.*

Because the court of appeals' actions in granting AMI's untimely motion for extension of time directly conflicts with this court's holding in *B.D. Click,* we conditionally grant the relief prayed for. A writ of mandamus will not issue if the court of appeals abides by this decision.