**Juan Ramon SIFUENTES, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 05–87–00962–CV.

Court of Appeals of Texas, Dallas.

June 30, 1988.

James M. Stewart, Joann N. Wilkins, Dallas, for appellant.

Charles Giddens, Dallas, for appellee.

Before WHITHAM, STEWART and LAGARDE, JJ.

LAGARDE, Justice.

In this worker's compensation suit, appellee Texas Employers' Insurance Association (TEIA) originally filed suit to set aside an award made by the Industrial Accident Board. Appellant, Juan Ramon Sifuentes, answered asserting a counterclaim for worker's compensation benefits. The parties were, thereafter, realigned and appellant Sifuentes was plaintiff below. Sifuentes, in four points of error, raises the following:

(1) The evidence was factually insufficient to support the jury's finding regarding the duration of partial disability;

(2) The evidence was legally insufficient to support the jury's finding regarding the duration of partial disability;

(3) The trial court erred in failing to rule on appellant's second motion for new trial;

(4) The trial court erred in failing to grant appellant's motion for new trial based on newly discovered evidence.

For reasons that follow, we affirm the judgment of the trial court.

■ In his first and fourth points of error Sifuentes argues that the evidence is either factually or legally insufficient to support the jury's finding regarding the duration of partial disability. TEIA argues that Sifuentes has waived his factual insufficiency points by his failure to include them in a motion for new trial pursuant to rule 324 of the Texas Rules of Civil Procedure.[1] We disagree with TEIA's contention.

On May 29, 1987, Sifuentes filed a motion for a new trial. This motion contained points complaining of the factual insufficiency of the evidence. On June 4, 1987, Sifuentes filed "Plaintiff's Second Motion For New Trial." Sifuentes' second motion did not complain of the factual insufficiency of the evidence. TEIA argues that plaintiff's June 4th motion for new trial should be treated as an amended motion that supercedes the May 29th motion, thus rendering the earlier motion a nullity. Un-

---

1. TEX.R.CIV.P. 324.

der such an interpretation there would be no "live" motion for new trial raising factual insufficiency of the evidence. Thus, under rule 324(b)(2), failure to raise factual insufficiency in a motion for new trial waives the issue on appeal. *Griffin v. Rowden*, 702 S.W.2d 692, 694 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

We disagree with TEIA's interpretation of the record. Nothing in the second motion, including its title, indicates an intent by Sifuentes that the second motion be an amended motion, thereby superceding the first. In fact, from the language of the second motion itself, it is clear that Sifuentes filed the second motion shortly after the trial court, after a hearing, orally overruled the first motion for new trial. An oral ruling on a motion for new trial could not substitute for the written order required by rule 329b. TEX.R.CIV.P. 329b; *Clark & Company v. Giles*, 639 S.W.2d 449, 450 (Tex.1982). Inasmuch as we cannot find in the record before us a written order overruling the first motion for new trial, we shall treat the motion entitled "Plaintiff's Second Motion for New Trial" as a supplemental motion for new trial. Further, we conclude that both motions were overruled as a matter of law 75 days following the signing of the judgment. TEX.R.CIV.P. 329b(c). Consequently, we will consider Sifuentes' factual insufficiency point.

▪ A claimant must establish his entitlement to benefits under the Workers' Compensation Act. *Industrial Accident Board v. Texas Employers' Insurance Association*, 162 Tex. 244, 345 S.W.2d 718, 720 (1961). It is the claimant's burden to establish an injury received in the course of employment. *Texas Employers' Insurance Association v. Page*, 553 S.W.2d 98, 99 (Tex.1977); that the injury produced some total or partial disability, *Garcia v. Aetna Casualty & Surety Company*, 542 S.W.2d 477, 479 (Tex.App.—Tyler 1976, no writ); and the duration of any incapacity, *Texas Employers' Insurance Association v. Thames*, 236 S.W.2d 203, 205 (Tex.App.—Fort Worth 1951, writ ref'd). If a point of error is that a certain finding was against the great weight and preponderance of the evidence, this Court must consider and weigh all the evidence in the record that is relevant to the point. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The evidence in this case shows that Sifuentes, a worker for the H.B. Zachry Company, experienced pain in his back when, on October 15, 1985, he lifted an axle in order to work on it. He worked the rest of that day and came to work the next day. However, he worked only part of the next day, leaving work to go to see Dr. George Susat. Dr. Susat diagnosed Sifuentes as having a sprained back and a bulging disk. Sifuentes remained off work about five weeks, returning to work on a part-time basis on or about November 21, 1985. On December 1, 1985, Sifuentes returned to work full time. Sifuentes testified that his partial incapacity did not end with his return to work full time. He testified that he worked 78 hours a week before the injury but was only able to work 50 hours a week after the injury. There was further evidence, however, that in December of 1985 all employees of H.B. Zachry Company were working reduced hours because of economic conditions.

▪ Duration of incapacity is a fact issue for the jury. *Fields v. Texas Employers' Insurance Association*, 565 S.W.2d 327, 330 (Tex.App.—Amarillo 1978, writ ref'd n.r.e.). Evidence that an employee is working and making money after sustaining a disabling injury is factual evidence to be considered by the jury in determining the extent and duration of incapacity. *Texas Employers Insurance Association v. Draper*, 658 S.W.2d 202, 206–207 (Tex.App.—Houston [1st Dist.] 1983, no writ). It is the province of the jury to judge the credibility of witnesses, accepting or rejecting all or part of the testimony, and to resolve any conflicts and inconsistencies. *Garza v. Commercial Insurance Company*, 508 S.W.2d 701, 702 (Tex.Civ.App.—Amarillo 1974, no writ).

▪ Because there was evidence that Sifuentes was able to return to work full time on December 1, 1985, there is sufficient evidence for a jury to have concluded

that his partial disability ended on that date. We overrule Sifuentes' first and fourth points of error.

In his second and third points of error, Sifuentes argues that the trial court erred in overruling his second motion for new trial based on newly discovered evidence. On May 29, 1987, Sifuentes was laid off by H.B. Zachry Company, allegedly as a part of a 38% reduction in its Dallas work force. Sifuentes contends that the evidence of his layoff justified a new trial in this case as it went to the issue of his ability to gain and keep employment.

 It is incumbent upon a party who seeks a new trial on the ground of newly discovered evidence to show: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to want of diligence that it did not come to his knowledge sooner; (3) that it is not cumulative; and (4) that it is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983). Sifuentes' evidence fails in one obvious respect. Even with due diligence, the evidence could not have been discovered prior to trial because prior to trial it did not exist. Sifuentes bases his motion on new evidence rather than newly discovered evidence. Evidence not in existence prior to judgment cannot form the basis of a new trial. We overrule Sifuentes' second and third points of error.

### REPLY POINT

By reply point,[2] TEIA argues that we are without jurisdiction to consider the statement of facts in this appeal. We considered the statement of facts, because a panel of justices of this Court, before submission of this appeal, twice ruled that we had jurisdiction to consider the statement of facts, by orders dated October 27, 1987, and November 19, 1987. Nevertheless, we agree with the Association that no timely motion to extend the time to file the statement of facts was granted; therefore, we conclude that the statement of facts was not properly before us.

The statement of facts was originally due to be filed on September 9, 1987. Six days earlier, on September 3, Sifuentes filed a motion to extend the time to file the statement of facts, because the court reporter had advised him that she could not have it prepared in time. The September 3 motion was clearly timely and within our jurisdiction to consider. It was formally defective, however, because Sifuentes had made a late written request to the reporter for the statement of facts and the motion did not reasonably explain Sifuentes's delay in making that request. TEX.R.APP.P. 54(c). That defect did not affect our jurisdiction to consider the motion and could have been waived. *See* TEX.R.APP.P. 71. TEIA, however, did not waive objection, but opposed the motion on the basis of that defect.

On September 17, the Court issued an order, stating in relevant part:

> [Sifuentes]'s September 3, 1987 motion to extend the time to file the statement of facts is DENIED without prejudice to filing a proper motion in compliance with TEX.R.APP.P. 54(c).

Sifuentes waited until October 2, then filed a purported "amended" motion to extend the time to file the statement of facts. Because Sifuentes's September 3 motion had been denied, it was no longer a "live" pleading. *See A.G. Solar & Co., Inc., v. Nordyke*, 744 S.W.2d 646, 647 (Tex.App.— Dallas 1988, no writ). Nothing remained to "amend"; in fact, therefore, Sifuentes's October 2 motion was a second motion to extend the time to file the statement of facts.

This Court's October 27 order granted Sifuentes's October 2 second motion and ordered the statement of facts (which had been tendered pending Sifuentes's two motions) filed as of the date tendered. The Court's November 19 order denied a motion

---

2. The Association's brief denominates its point a "cross-point." However, the Association does not seek any affirmative relief on grounds urged in its "cross-point"; it urges the point merely as additional ground for affirming the trial court's judgment. Accordingly, we prefer to call it a "reply point." *See Jackson v. Ewton,* 411 S.W.2d 715, 717 (Tex.1967).

of the Association to reconsider the October 27 order.

TEIA argues that, because September 9 was the original deadline for the statement of facts, any motion to extend the time to file the statement of facts that we would have jurisdiction to consider needed to be filed no later than September 24. TEX.R. APP.P. 54(c); *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, *passim* (Tex.1982). Sifuentes argues[3] that our September 17 order, denying his first motion without prejudice to filing a motion curing its formal defect, meant that he had 15 days from the date of that order, or until October 2, in which to file a corrected motion. Both parties agree that a second motion to extend the time to file the statement of facts must be filed within 15 days after the expiration of any extension granted by the prior motion to extend the time, in order for the appellate court to retain jurisdiction to consider the second motion. *Chojnacki v. First Court of Appeals*, 699 S.W.2d 193, *passim* (Tex.1985) (per curiam).

The narrow question, then, is whether the denial of a first motion to extend the time to file the statement of facts, because of a formal but waivable defect in the motion, operates in any way to extend the time to file a second, corrected motion, so that the corrected motion may be filed within fifteen days from the date of the order denying the first motion. We hold that it does not so operate. We note that *Chojnacki* held merely that a second motion to extend must be filed within fifteen days of the expiration of a previous extension *that had already been granted. Chojnacki*, 699 S.W.2d at 193. *Chojnacki* did not address the question of what happens when a first motion to extend has been *denied.*

We conclude that when a previous request for an extension has been denied, then the deadline to file the statement of facts remains the same. A timely motion to extend that deadline must be filed within fifteen days of that deadline. TEX.R.APP.

P. 54(c); *B.D. Click Co.*, 638 S.W.2d at 860. We cannot, by an order of this Court, extend our jurisdiction beyond the limit established by law. TEX.R.APP.P. 2(a); *see also Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973) (per curiam) (a trial court may not make an order that enlarges the jurisdictional period for perfecting an appeal).

Sifuentes argues that our September 17 order, denying his first motion to extend the time to file the statement of facts, recited that the denial was "without prejudice to filing a proper motion." He appears to mean that, if he had less than a full fifteen-day period in which to file a corrected motion, he would be prejudiced in some fashion with respect to that filing. Hence, he concludes that the September 17 order must necessarily have given him until October 2 by which to file a second motion. We disagree. To the extent that this Court's orders of October 27, 1987, and November 19, 1987, impliedly hold otherwise, we decline to follow those orders.

As mentioned earlier, September 9 was the original deadline for filing the statement of facts. Therefore, a motion to extend the time to file the statement of facts had to be filed no later than September 24. TEX.R.APP.P. 54(c). The period for filing a motion to extend, expiring on September 24, was not abridged in any fashion merely because Sifuentes had filed a defective motion that was denied. Our September 17 order denying the defective motion was without prejudice to Sifuentes's filing a proper motion—*within the jurisdictional time limits imposed by the rules, i.e.,* by September 24. To hold otherwise would result in the anomaly that our denying a motion to extend, itself, creates a *de facto* extension by shifting the deadline to file the statement of facts from whatever it might originally have been to the date of the order denying the motion. In short, Sifuentes argues that the time to file a proper motion pursuant to rule 54(c) should have been extended merely because a previously filed motion remained pending; his

**3.** The argument actually appears in Sifuentes's November 9, 1987 response to the Association's

November 9, 1987 motion to reconsider this Court's October 27, 1987 order.

reasoning implies that an appellant has no motivation to file a motion free of formal defects until an earlier motion containing some defect has been acted upon. We have previously held that the pendency of a motion to extend the time to file a cost bond does not extend the time to file the statement of facts. *Collins v. Williamson Printing Corp.*, 746 S.W.2d 489, 491 (Tex. App.—1988, no writ). We decline to permit the mere pendency of a defective motion to extend the time to file the statement of facts to operate in any way to extend the time to file a proper motion.

We acknowledge that the Court might act upon, and deny, a timely, but defective, motion to extend the time to file the statement of facts after the time, under rule 54(c), to file a motion curing the defects of the first has expired. Sifuentes argues that, if we deny a motion to extend because of a formal defect, equity compels our providing an opportunity to cure the defect that resulted in the motion's denial. We cannot accept this reasoning. Equitable considerations cannot expand our jurisdiction. TEX.R.APP.P. 2(a); *see also Bayoud v. North Central Investment Corp.*, 751 S.W.2d 525, 527–28 (Tex.App.—Dallas 1988, n.w.h.) (purportedly inequitable conduct of a party cannot confer jurisdiction upon a court if the court flatly lacks jurisdiction).

In any case, equity does not compel us to provide an opportunity to cure formal defects in a motion. The requirements of a proper motion to extend the time to file the statement of facts are given by the rules; *see* TEX.R.APP.P. 54(c) & 73. Rather than risk not having an opportunity to cure a defect to which his adversary might object, an appellant is better advised simply to file a motion in compliance with the rules in the first place. If Sifuentes had not filed his first, defective motion to extend the time to file the statement of facts, his second, and corrected, motion filed on October 2 would clearly have been untimely. To say that the October 2 motion becomes timely by virtue of a previously filed, defective motion would be to reward an attorney for filing multiple motions, until at last, after repeated trials and errors, a motion free of defects is finally filed. We decline to adopt a holding that would do so.

We hold, therefore, that the denial of a motion to extend the time to file a statement of facts, because of a formal defect that in itself is waivable, does not in any way extend the time to file a second motion curing the defect. Any such corrected motion must be filed within fifteen days of the last day on which the statement of facts could have been filed, in compliance with rule 54(c), without regard to the defective motion's having been filed. The denial of a defective motion does not prejudice an appellant's right to file a corrected motion, but neither does it expand the jurisdictional period in which a proper motion can be filed.

In this case, the statement of facts was originally due on September 9, 1987. A timely motion to extend the time to file the statement of facts was denied, because of a formal defect to which the Association objected. Its denial did not affect the September 9 deadline at all. Therefore, Sifuentes had only until September 24 by which to file a motion free of the formal defect to which the Association objected. Sifuentes did not do so. His corrected motion was filed only on October 2, eight days late. We conclude that motion should not have been granted and that this Court's orders of October 27, 1987, and November 19, 1987, were erroneous. Because we reach the same result whether we consider the statement of facts or not, the error, in this case, was harmless. Nonetheless, we emphasize our holding that the denial of a motion to extend the time to file the statement of facts does not alter the jurisdictional time limit by which a proper motion to extend the time must be filed. In light of the foregoing we affirm the judgment of the trial court.