**Opinion issued March 14, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00563-CV

———————————

## ANGELINA GUERRERO, Appellant

## V.

## SILVIA SALINAS, Appellee

---

**On Appeal from Probate Court No. 3**
**Harris County, Texas**
**Trial Court Case No. 444,621**

---

## MEMORANDUM OPINION

This appeal arises from a dispute over the Last Will and Testament of Oralia K. Salinas (Oralia). Appellant Angelina Guerrero (Guerrero), Oralia's granddaughter, challenges the probate court's judgment admitting the will to probate and appointing a permanent administrator of Oralia's estate. In three issues,

Guerrero contends that (1) the evidence was legally and factually insufficient to support the probate court's judgment; (2) the probate court erred by omitting findings of fact requested by Guerrero; and (3) the probate court abused its discretion in denying Guerrero's motion for new trial. Because the record does not reflect the errors of which Guerrero complains, we affirm the probate court's judgment.

## Background

On September 28, 2002, Oralia signed her Last Will and Testament. Oralia died on November 19, 2014, when she was 77 years old. Oralia's daughter, appellee Silvia Ann Salinas (Silvia), filed Oralia's Last Will and Testament (Will) with the Harris County probate court in December 2015. Silvia also filed an application to admit the Will to probate.

The Will was two pages in length. The bottom of the first page had a signature line for Oralia to sign, and the Will reflected that Oralia signed the first page. The provisions of the Will, including those devising Oralia's property, filled the Will's first page. After those provisions, Oralia signed the Will near the top of the second page above the attestation clause signed by two witnesses. Attached to the Will was a self-proving affidavit signed by Oralia and the same two witnesses. The affidavit indicated that the two witnesses and Oralia had signed the Will in the presence of a notary public.

With respect to Oralia's property, the Will required Oralia's house "to be put up for sale" with the proceeds "to be divided equally among [Oralia's] four children, [1] Silvia, [2] Oralia S. Trevino, [3] Daniel K. Salinas, Jr., and [4] Silvester K. Salinas." The Will required that stock in two corporations was "[to] be divided between Oralia S. Trevino and Silvia Ann Salinas." The Will mandated that "any other property" that Oralia had at the time of her death was "to be divided equally between [her two daughters] Silvia Ann Salinas and Oralia S. Trevino."

Oralia's daughter, Oralia S. Trevino, died in 2015. Guerrero is Trevino's daughter. After Trevino's death, the probate court in Hidalgo County appointed Guerrero as the dependent administrator of Trevino's estate.

In 2016, Guerrero filed a contest to Silvia's application to probate Oralia's Will. On June 28, 2019, Silvia filed her "First Amended Application to Probate Will and for Issuance of Letters of Administration with Will Annexed." In the amended application, Silvia explained that the Will had named her to serve as the independent executrix without bond or security but had not named a successor executor. Silvia had applied to serve as independent executrix "but [her application] was objected to" by Guerrero. Silvia had "then filed an Application for Temporary Administration," which the probate court granted. The probate court also "appointed Eduardo Saucedo as Temporary Administrator" for Oralia's estate.

3

In her amended application, Silvia asked the probate court to appoint "Mr. Saucedo as the Permanent Administrator with Will Annexed." She asserted that the "only substantial asset" in the estate was Oralia's home. Silvia pointed out that the Will required the home to be sold. She asserted that Saucedo had "secured a contract" to sell the home but was "unable to close the sale" because Guerrero was "squatting in the home." Silvia asked the probate court to admit the Will to probate and to issue "Letters of Administration with Will Annexed" to Saucedo.

On September 3, 2019, Guerrero filed an objection to Silvia's amended application to probate the Will and an objection to Saucedo's appointment as permanent administrator. Guerrero also requested that she be appointed independent executrix of Oralia's estate.

On October 22, 2020, Guerrero filed a supplement to her objection to Silvia's amended application. Guerrero asserted that she had "recently discovered [Oralia's] original and true will" (Discovered Will). Guerrero attached the Discovered Will to her supplemental objection. Guerrero acknowledged that the provisions of the Discovered Will were the same as the Will filed on the probate court by Silvia in 2015. But Guerrero pointed out one difference between the Discovered Will and the Will: Oralia's signature appeared on the signature line at the bottom of the Will's first page, but the signature line at the bottom of the Discovered Will's first page was blank. Oralia asserted that, because the Discovered Will was Oralia's "original"

4

will and lacked Oralia's signature at the bottom of its first page, that meant that the Will filed by Silvia was "a forgery." Guerrero claimed that the Will should not be admitted to probate "on the grounds it [was] not the original and because of fraud as it contain[ed] a forged signature on the first page." More specifically, Guerrero alleged that Silvia was the person who had forged Oralia's signature on the first page.

On May 26, 2021, Silvia filed a "Motion in Limine and Objection." In the motion, Silvia asserted that, under Texas Estates Code section 304.003, Guerrero was "disqualified from serving as personal representative of [Oralia's] Estate" because she was "a convicted felon" whose civil rights had not been restored under federal law. *See* TEX. ESTATES CODE § 304.003(2) (providing that "[a] person is not qualified to serve as an executor or administrator if the person is . . . a felon convicted under the laws of the United States or of any state of the United States" but may serve if, inter alia, "the person . . . has had the person's civil rights restored").

The probate court signed an order setting Guerrero's objection to Silvia's amended application to probate the Will and Guerrero's request to be appointed independent executrix for trial on July 29, 2021. Beginning on that date, the case was tried to the bench by Zoom teleconferencing.

At trial, Guerrero continued to assert, as she had in her supplemental objections, that the Discovered Will, which she claimed she found in a storage bin,

5

was Oralia's original will and that the Will filed by Silvia with the probate court in 2015 was not the original will. Guerrero also continued to assert that Oralia's signature on the first page of the Will (filed by Silvia) was a forgery. Guerrero claimed that the allegedly forged signature invalidated the entirety of the Will. The probate court suggested that the parties' attorneys come in person to the probate court to view the Will filed by Silvia and the Discovered Will filed by Guerrero to assist in resolving the issue of which was Oralia's original will. The court told the parties that the dispute regarding whether Guerrero was qualified to serve as administrator or executor of Oralia's estate would also be determined when trial resumed. The probate court continued trial until August 4, 2021, providing time for the attorneys to view the wills in the court's file.

When trial resumed, Guerrero's attorney informed the probate court that he had viewed the two wills in the court's file. He acknowledged that the Will filed by Silvia in 2015 was Oralia's original will and that the Discovered Will was a photocopy. However, Guerrero continued to assert that Oralia's signature at the bottom of the Will's first page had been forged by Silvia. Guerrero maintained that the forged signature invalidated the entirety of the Will.

Guerrero asked the trial court for a continuance so that she could retain a handwriting expert to support her theory that the signature was forged. Guerrero

asserted that she had realized that she needed a handwriting expert only upon her attorney's inspection of the Will.

The probate court was critical of Guerrero's assertion that she had not realized that she needed to retain a handwriting expert before her attorney had inspected the two wills. The trial court pointed out that the Will had been on file with the probate court for six years—since 2015. The court also pointed out that the Discovered Will had been on file with the court since October 2020 and "in [Guerrero's] possession for who knows how much longer than that."

The probate court questioned why Guerrero had not investigated the signature's validity before the case was called to trial to determine whether she needed to retain an expert. Speaking to Guerrero's attorney, the probate court stated:

> I don't understand why you're saying that because the Court suggested that you come in and look at wills, you should be entitled to a continuance at this point when you had—your predecessor attorneys on this case had at least six years to look at the original will, and you've had at least eight months to look at the copy and to compare the two.

Guerrero's attorney responded, "[I]n all candor to the Court, I wasn't even aware that I was permitted to inspect the wills on my own by myself. So in all candor to the Court, that's why I didn't do it before." The probate court denied Guerrero's motion for continuance, and the trial proceeded.

To prove her claim that Oralia's signature on the Will's first page was forged, Guerrero testified that she was familiar with Oralia's signature because she had lived

7

with Oralia since she was a young child. Guerrero testified that the signature on the first page of the Will was not Oralia's signature. But Guerrero testified that the signature on the second page of the Will was Oralia's signature.

Silvia testified that she was also familiar with Oralia's signature. She confirmed that the signature on the Will's first page was Oralia's signature, and she denied that she had forged the signature.

The notary to the Will also testified. Although she did not remember whether she saw Oralia sign the bottom of the Will's first page, the notary confirmed that Oralia and the two witnesses to the Oralia's signature had signed the Will's second page in her presence and in each other's presence.

In support of her request to act as independent executrix of Oralia's estate, Guerrero offered evidence showing that she had been appointed as the dependent administrator of her mother's estate by the Hidalgo County Probate Court. Guerrero acknowledged that she had been previously convicted of a federal felony but argued that, because she had been appointed as dependent administrator of her mother's estate, the Hidalgo County Probate Court had "necessarily determined that her civil rights have been restored," thus qualifying her for the appointment under the Estates Code. Relying on the principal of res judicata, Guerrero asserted that the Hidalgo County Probate Court's appointment order established that she was qualified under the Estates Code to serve as independent executrix of Oralia's estate.

On August 12, 2021, the probate court rendered judgment in Silvia's favor. In the judgment, the probate court (1) admitted the Will (filed by Silvia in 2015) to probate; (2) determined that Guerrero was "unsuitable to serve as personal representative of [Oralia's estate] and therefore [was] disqualified from serving as personal representative" pursuant to Estates Code section 304.003(5)[1]; and (3) appointed Saucedo as "Administrator with Will Annexed of the Estate."

The same day that the judgment was signed, Guerrero filed a request for findings of fact and conclusions of law. On the morning of September 2, 2021, Guerrero filed a notice of past due findings and conclusions. Less than four hours after Guerrero filed her past-due notice, the trial court filed its findings of fact and conclusions of law. No party filed a request for additional findings or conclusions.

On September 10, 2021, Guerrero filed a motion for new trial. In the motion, Guerrero asserted that she sought a new trial "based on newly obtained evidence from a handwriting expert which calls into question whether the probated will was

---

[1]   Estates Code section 304.003(5) provides that a person is not qualified to serve as an executor or administrator if the person is "a person whom the court finds unsuitable." TEX. EST. CODE § 304.003(5). We note that, on August 12, 2021, the probate court also signed an order granting, in part, Silvia's motion in limine. The probate court ordered that Guerrero was "unsuitable to serve as personal representative of the estate and [was] therefore disqualified from serving as personal representative of [Oralia's estate], pursuant to Section 304.003(2) of the Texas Estates Code as a matter of law." Section 304.003(2) provides that a person is not qualified to serve as an executor or administrator if the person is "a felon convicted under the laws of the United States or of any state of the United States unless, in accordance with law, the person has been pardoned or has had the person's civil rights restored." *Id.* § 304.003(2).

9

signed by [Oralia]." Guerrero asserted that her handwriting expert had examined the Will and the Discovered Will along with other instruments and documents signed by Oralia and had "found significant inconsistencies in the various signatures purportedly made by Oralia."

On October 12, 2021, the probate court conducted a hearing on Guerrero's motion for new trial at which Guerrero's handwriting expert testified. The expert explained that she had examined handwriting examples that were known to be Oralia's and had compared them to the signatures on the Will. The expert testified that she had determined that neither the signature on the Will's first page nor its second page was Oralia's signature. The handwriting expert's report, in which she concluded that Silvia, not Oralia, had signed the Will, was also admitted into evidence at the hearing. Following the hearing, the trial court signed an order denying Guerrero's motion for new trial.

This appeal followed. Guerrero raises three issues on appeal.

## Omitted Findings of Fact

We begin with Guerrero's second issue. In that issue, Guerrero contends that the trial court erred by "intentionally refus[ing] to make findings on Guerrero's forgery and res judicata defenses."

## A.    Procedural History

Guerrero timely filed a request for findings of fact and conclusions of law on August 12, 2021—the same day that the probate court signed the judgment. *See* TEX. R. CIV. P. 296 (providing that request for findings of fact and conclusions of law must be filed within 20 days after judgment is signed). On August 16, 2021, Guerrero's attorney sent a letter to the probate court asking the court "[to] make findings based on [Guerrero's] allegations of fraud/forgery as well as the res judicata effect of the ruling in Hidalgo County Probate Court that Guerrero has had her civil rights restored" and that Guerrero "was qualified to serve as an Administrator." The letter complained that Silvia's proposed findings of fact and conclusions of law did not include findings on these issues.

On September 2, 2021, at 10:38 a.m., Guerrero filed a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297 (providing that, if court fails to timely file findings of fact and conclusions of law, requesting party must file and serve all parties notice of past due findings of fact and conclusions of law within 30 days of filing original request). In the notice, Guerrero again requested findings regarding her forgery and res judicata theories. Later that day, at 2:17 p.m., the probate court filed its findings of fact and conclusions of law. Although the findings of fact and conclusions of law did not specifically address Guerrero's forgery and res judicata theories, Guerrero did not request additional or amended

11

findings of fact. *See* TEX. R. CIV. P. 298 ("After the court files original findings of fact and conclusions of law, any party may file with the clerk of the court a request for specified additional or amended findings or conclusions" within 10 days of court's filing of its original findings and conclusions).

On appeal, Guerrero asserts that her attorney's letter and her notice of past due findings were sufficient to preserve her complaint that the probate court did not make the requested findings about her forgery and res judicata theories. We disagree.

## B.    Analysis

In any case tried in district or county court without a jury, any party may request the trial court to state in writing its findings of fact and conclusions of law. TEX. R. CIV. P. 296. After a trial court files its original findings of fact and conclusions of law, any party may request additional or amended findings and conclusions. TEX. R. CIV. P. 298. But, if she does not request additional or amended findings under Rule 298, a party "cannot later attack the lack of such findings." *Hamilton v. Hamilton*, No. 02-19-00211-CV, 2020 WL 6498528, at *1 (Tex. App.—Fort Worth Nov. 5, 2020, no pet.) (mem. op.); *see Oh v. Robert C. Hwang, P.C.*, No. 05-15-00643-CV, 2016 WL 2726307, at *2 (Tex. App.—Dallas May 9, 2016, no pet.) (mem. op.) (holding that appellant's complaints concerning lack of findings of fact to support judgment were waived because no party requested additional findings of fact). In short, "Rule 298 is the vehicle by which a party preserves its complaint

12

that the trial court's findings and conclusions were inadequate or incorrect." *Hamilton*, 2020 WL 6498528, at \*2.

Rule 298's language is clear that requests for additional findings of fact must be filed *after* the trial court files its findings of fact and conclusions of law. *See* TEX. R. CIV. P. 298. Requests made *before* the trial court issues its original findings and conclusions do not preserve complaints that certain findings were omitted or lacking. *See Mohnke v. Greenwood*, 915 S.W.2d 585, 590 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (holding that motion to reconsider that addressed lack of findings, but was "filed *before* court issued its findings," was not "a proper request for additional findings").

Here, the probate court's findings of fact make no mention of the elements of forgery or res judicata theories. The record shows that Guerrero filed both her letter requesting specific findings about her forgery and res judicata theories and her notice of late findings *before* the probate court issued its findings of fact and conclusions of law. But no party made a request for additional findings *after* the probate court filed its findings and conclusions. Because she did not comply with Rule 298, Guerrero waived her complaint that the probate court erred when it did not make findings regarding any element of her forgery or res judicata theories. *See Laufer v. Gordon*, No. 14-18-00744-CV, 2019 WL 6210200, at \*5 (Tex. App.—Houston [14th Dist.] Nov. 21, 2019, no pet.) (mem. op.) ("[B]ecause Joanna failed to request

13

additional findings on her inability-to-pay defense, she cannot rely on the lack of an express specific finding as a ground for reversal."); *Howe v. Howe*, 551 S.W.3d 236, 244 (Tex. App.—El Paso 2018, no pet.) ("When a party fails to timely request additional findings and conclusions, it is deemed to have waived the right to complain on appeal of the court's failure to make them."); *Sherbet v. Bender*, No. 05-14-01047-CV, 2015 WL 7179659, at *2 (Tex. App.—Dallas Nov. 16, 2015, no pet.) (mem. op.) (concluding that appellants did not preserve for appeal their complaint that "the trial court failed to address their affirmative defense of estoppel in its findings of fact and conclusions of law" because "nothing in the record indicat[ed] [that appellants had] asked the trial court to supplement its findings of fact and conclusions of law to address their estoppel defense"); *see also Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 255–56 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (explaining that "a request for additional findings is in the nature of an objection").

We overrule Guerrero's second issue.

### Challenge to Probate Court's Conclusion that Will was Valid

"To admit a will to probate, a trial court must find that it is valid." *In re Estate of Arrington*, 365 S.W.3d 463, 466 (Tex. App.—Houston [1st Dist.] 2012, no pet.). To establish a will's validity, the proponent of the will must establish, inter alia, that

the will was properly executed. *Neal v. Neal*, No. 01-19-00427-CV, 2021 WL 1031975, at *4 (Tex. App.—Houston [1st Dist.] Mar. 18, 2021, no pet.) (mem. op.).

In her third issue, Guerrero contends that the evidence was not legally or factually sufficient "to support the trial court's finding [that] the probated will [was] valid" because the evidence established that Oralia's signatures on the Will were forged. Although Guerrero refers to a "finding" that the Will was valid, the probate court appropriately incorporated the determination of the Will's validity into two of its conclusions of law:

- "The Will was executed with the formalities and solemnities and under the circumstances required by law to make it a valid will," and

- "The Will has been admitted to probate and recorded as the valid last will of [Oralia]."[2]

"A trial court's conclusions of law are reviewable only when attacked as erroneous as a matter of law and not when attacked for lack of sufficient evidence to support them." *Terrell v. Pampa Indep. Sch. Dist.*, 572 S.W.3d 294, 298 (Tex. App.—Amarillo 2019, pet. denied). We conduct a de novo review of a trial court's legal conclusions, determining whether the trial court correctly drew the legal

---

[2]     A decretal provision in the probate court's judgment also mentions the Will's validity: "ORDERED, ADJUDGED, and DECREED that the original Will, September 28, 2002, and filed with [the probate court] on December 2, 2015, is admitted to probate and recorded as the valid will of [Oralia] . . . ."

15

conclusions from the facts. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

The probate court's conclusions of law stating that the Will was valid were supported by the following findings of fact:

- "The Will was signed by [Oralia]."

- "On the date of execution of the Will, [Oralia] was over the age of 18, was sound mind, and possessed the required testamentary capacity to make a valid will in Texas"; and

- "The Will contains a self-proving affidavit executed by [Oralia] and two attesting witnesses before a Texas notary public which is in substantial compliance with the form set forth in Texas Estates Code § 251.104."

We defer to unchallenged findings of fact that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014). Here, Guerrero does not challenge two of the three findings supporting the probate court's conclusions that the Will was valid. Specifically, she leaves unchallenged the finding that Oralia had testamentary capacity and the finding that the Will met the statutory requirements for a self-proved will.

The record reflects some evidence to support the finding that Oralia had testamentary capacity, namely, Guerrero's and Silvia's testimony indicating that Oralia had sufficient mental capacity to sign the Will. And the record contains evidence—specifically the Will itself and the attached self-proving affidavit— establishing that the statutory requirements for a self-proved will were met. *See* TEX.

16

EST. CODE § 251.101(1) (providing that self-proved will is will with attached or annexed self-proving affidavit subscribed and sworn to by testator and witnesses), § 251.104 (setting out requirements for self-proving affidavit). Because the record contains some evidence supporting them, we defer to the two unchallenged findings.

Unlike the two unchallenged findings, we read Guerrero's brief to challenge the sufficiency of the evidence supporting the probate court's finding that Oralia signed the Will. Guerrero acknowledges that Silvia met her burden to show that the Will was properly executed by proffering the self-proved Will into evidence. *See Estate of Arrington*, 365 S.W.3d at 467 ("A self-proved will is prima facie evidence that the will was properly executed."). And Guerrero acknowledges that the burden then shifted to her to establish that Oralia's signatures were forged. *See Tomlinson v. Estate of Theis*, No. 03-07-00123-CV, 2008 WL 160202, at *6 (Tex. App.— Austin Jan. 18, 2008, no pet.) (mem. op.) (allocating burden of proof to party claiming forgery of self-proved will); *In re Estate of Flores*, 76 S.W.3d 624, 630 (Tex. App.—Corpus Christi 2002, no pet.) (recognizing that son had burden to show his father's will "was a forgery").

On appeal, Guerrero asserts that her evidence proved that Oralia's signatures on the Will—both on the first and second pages—were forged, thus undermining the probate court's conclusion that the Will was valid. We construe Guerrero's brief to challenge the legal and factual sufficiency of the probate court's implied findings

17

and conclusions rejecting her forgery defense. But, as discussed, Guerrero failed to request additional findings after the probate court filed its findings of fact, which contained no elements of Guerrero's forgery defense.

When a trial court does not include in its findings any elements of a party's ground of recovery or affirmative defense, and the party fails to request additional findings, not only does the failure to request additional findings waive the party's complaint regarding the lack of findings, but the failure also waives any complaint that the party has regarding the sufficiency of the evidence to support the ground of recovery or the defense. *See Oh*, 2016 WL 2726307, at *2; *Briggs Equip. Trust v. Harris Cnty. Appraisal Dist.*, 294 S.W.3d 667, 674 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Stated differently, if the trial court's original findings do not include any findings on a ground of recovery or defense, then the party relying on the ground or the defense must request additional findings of fact in proper form or the ground of recovery or the defense is waived. *Howe*, 551 S.W.3d at 248; *see RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 449 (Tex. App.—Dallas 2011, no pet.) ("A party asserting an affirmative defense in a trial before the court must request findings in support of the defense to avoid waiver of its affirmative defense."). Thus, Guerrero has waived any error with respect to her forgery defense, including her challenge to the sufficiency of the probate court's implied rejection of that defense. *See Cooper v. Cochran*, 288 S.W.3d 522, 534 (Tex.

18

App.—Dallas 2009, no pet.) (holding, in case in which appellant asserted limitations defense against appellees' breach-of-fiduciary-duty claim, that appellant had waived any error by trial court in its finding that appellant had breached his duty to appellees because appellant had failed "[to] specifically request additional or amended findings of fact relevant to his limitations defense after the trial court issued its original findings of fact and conclusions of law"); *RM Crowe*, 348 S.W.3d at 449 (holding that appellant had waived any error with respect to its affirmative defense of modification because it had not "specifically requested additional findings of fact relevant to that defense after the trial court issued its findings of fact and conclusions of law"); *see also Briggs Equip.*, 294 S.W.3d at 674 (holding that appellant "waive[d] any complaint" about alternative theories of tax calculation by not requesting additional findings on those theories).

But, even if Guerrero's challenge to the sufficiency of the evidence was not waived to the extent that the probate court's finding that Oralia signed the Will subsumed the court's rejection of Guerrero's forgery defense, we conclude that the record contains legally and factually sufficient evidence to support such rejection. A party attacking the legal sufficiency of an adverse finding on an issue on which she had the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). When a party attacks the factual sufficiency of an adverse finding on

19

which he bore the burden of proof, she must establish that the finding is against the great weight and preponderance of the evidence. *Id.* at 242.

At trial, no evidence was offered to show that Oralia did not sign the end of the Will on its second page. To the contrary, even Guerrero testified that it was Oralia's signature at the end of the Will. Regarding the signatures' authenticity, Guerrero testified only that it was not Oralia's signature on bottom of the first page.

On appeal, Guerrero points to her handwriting expert's testimony offered at the motion for new trial hearing as evidence establishing that Oralia's signature at the end of the Will was forged. But we have previously recognized that we consider only the evidence introduced at trial, and not evidence introduced at a hearing on a motion for new trial, when conducting a sufficiency-of-the-evidence review. *See In re K.R.L.*, No. 01-14-00213-CV, 2014 WL 3843520, at *8 (Tex. App.—Houston [1st Dist.] Aug. 5, 2014, no pet.) (mem. op.); *see also Rangel v. Robinson*, No. 01-05-00318-CV, 2007 WL 625042, at *7 (Tex. App.—Houston [1st Dist.] Mar. 1, 2007, pet. denied) (mem. op.) (stating, when "evaluating the sufficiency of the evidence of the trier of fact's award of punitive damages, we cannot consider post-judgment evidence . . . because that evidence was not before the trial court at trial").

And, with respect to Oralia's signature on the Will's first page, Guerrero's testimony was the only evidence at trial that it was forged. Contrary to Guerrero's testimony, Silvia testified that it was Oralia's signature. The probate court was the

sole judge of the witnesses' credibility and the weight to be given their testimony. *See Zenner v. Lone Star Striping & Paving L.L.C.*, 371 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). As such, the probate court was free to believe Silvia's testimony that it was Oralia's signature on the Will's first page and to disbelieve Guerrero's testimony that it was not.[3]

In short, the evidence did not conclusively establish that Oralia's signatures on the Will were forged. Nor did it show that the probate court's finding that Oralia had signed the Will, and any implicit rejection of Guerrero's forgery defense, was against the great weight and preponderance of the evidence. We conclude that the evidence was legally and factually sufficient to support the finding that Oralia signed the Will. We also conclude that the finding, together with the unchallenged findings, supported the probate court's conclusions of law regarding the Will's validity.

We overrule Guerrero's third issue.

## Denial of Motion for New Trial

In her first issue, Guerrero contends that the trial court abused its discretion when it denied her motion for new trial, which was based on her assertion of newly discovered evidence.

---

[3]  We note that Guerrero has provided no argument or authority to show that Oralia's signature on the first page of the Will was required to make it a valid will.

## A. Standard of Review

A party seeking a new trial based on newly discovered evidence must demonstrate to the trial court that (1) the evidence has come to her knowledge since the trial; (2) the failure to discover the evidence sooner was not due to lack of diligence; (3) the evidence is not cumulative; and (4) the evidence is so material that it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B. Analysis

We have recognized that "evidence not in existence prior to judgment cannot form the basis of a new trial." *Creative Chateau, LLC, v. City of Houston*, No. 01-21-00327-CV, 2023 WL 162741, at *9 (Tex. App.—Houston [1st Dist.] Jan. 12, 2023, no pet. h.) (mem. op.) (brackets omitted) (quoting *Banker v. Banker*, 517 S.W.3d 863, 878 (Tex. App.—Corpus Christi-Edinburg 2017, pet. denied) (concluding that defendant's motion for new trial based on newly discovered evidence was better termed "new evidence," given that evidence was created by developments after trial)); *see In re C.Y.C.*, No. 14-11-00341-CV, 2012 WL

22

3223674, at *19 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. denied) (mem. op.) (holding that, because mother's evidence supporting motion for new trial was not in existence at time of trial court's final order, "evidence [did] not satisfy the burden that must be met to obtain a new trial on the ground of newly discovered evidence"); *Sifuentes v. Tex. Emps.' Ins. Ass'n*, 754 S.W.2d 784, 787 (Tex. App.—Dallas 1988, no writ) (concluding that evidence could not form basis for new trial because defendant's motion for new trial was based on "new evidence rather than newly discovered evidence").

Here, Guerrero's motion asserted that she sought a new trial "based on newly obtained evidence from a handwriting expert," namely, the handwriting expert's opinion contained in her report that Silvia, not Oralia, had signed the Will. The handwriting expert's testimony and her report, admitted at the new-trial hearing, showed that the handwriting expert had formed her opinion and prepared the report after the probate court had rendered its judgment admitting the Will to probate. Because the handwriting expert formed her opinion and prepared her report after the trial court had signed its judgment, evidence of the expert's opinion cannot serve as the basis for a new trial. *See Sifuentes*, 754 S.W.2d at 787.

In addition, "[a] party seeking new trial on the basis of newly discovered evidence must prove that it was diligent in attempting to discover the evidence before trial." *In re Iftikhar Ahmed, P.A.*, No. 01-19-00584-CV, 2020 WL 894460, at *7

23

(Tex. App.—Houston [1st Dist.] Feb. 25, 2020, orig. proceeding) (mem. op.) (citing *Waffle House*, 313 S.W.3d at 813). A movant for new trial "has not exercised due diligence if the same effort used to procure the testimony subsequent to trial would have had the same result if it had been exercised prior to trial." *Knight v. Minter*, No. 05-11-00829-CV, 2012 WL 3234276, at *2 (Tex. App.—Dallas Aug. 9, 2012, no pet.) (mem. op.).

Guerrero claimed that she had acted diligently in procuring the expert's opinion evidence. She argued that she could not have procured the expert's opinion evidence before trial because she did not realize that she needed to retain a handwriting expert before that time. She claimed that she realized that she needed to retain a handwriting expert only when her attorney viewed the original of the Will in the probate court's file during trial. However, Guerrero did not explain at the hearing or in her motion why viewing the original of the Will—rather than a copy of it—and comparing it with the Discovered Will made her realize, for the first time, that she needed to retain a handwriting expert when the record showed that she first made her forgery allegations against Silvia over nine months before trial when she filed the Discovered Will.

The handwriting expert's testimony at the hearing also undermined Guerrero's diligence claim. The expert testified that she used a *copy* of the Will and the of the Discovered Will to form her opinion. And she testified that she had never

24

viewed the wills contained in the probate court's file to form her opinion. The record showed that Guerrero had been provided a copy of the Will over five years before trial and that she had possession of the Discovered Will for at least nine months. The record also showed that the other materials reviewed by the handwriting expert in forming her opinion had existed for several years. Silvia's counsel asked the expert whether she could "have rendered the same opinion" that she gave at the hearing if she had "been given all of the documents that [she] reviewed in this case nine months ago." The expert responded, "Yes."

Given the record, we conclude that the trial court could have reasonably determined that Guerrero did not exercise reasonable diligence in procuring, before trial, the handwriting-expert evidence, including the expert's testimony. *See id.* (upholding denial of appellant's motion for new trial asserting newly discovered evidence, including expert testimony procured after trial, because appellant had not shown that "he exercised appropriate diligence before trial in relation to the expert testimony he obtained after trial"). We hold that the probate court did not abuse its discretion when it denied Guerrero's motion for new trial.

We overrule Guerrero's first issue.

## Conclusion

We affirm the judgment of the trial court.


                                        Richard Hightower
                                        Justice

Panel consists of Justices Goodman, Hightower, and Guerra.